PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

Attorneys for Defendant,
Freedom Forever, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM FOREVER, LLC,<br><br>Defendant. | CASE NO.<br>2: 25-cv-01970-ODW-ADS<br><br>**DEFENDANT FREEDOM FOREVER, LLC'S MOTION FOR PARTIAL DISMISSAL**<br><br>May 12, 2025<br>1:30pm<br>Courtroom 5D |

Defendant, Freedom Forever, LLC ("Freedom Forever"), files this motion for partial dismissal of the Complaint filed by Plaintiff, James E. Shelton. As discussed below, the motion should be granted.

## INTRODUCTION

Plaintiff purports to bring a nationwide class action lawsuit against Freedom Forever under the Telephone Consumer Protection Act ("TCPA"), seeking, among other forms of relief, attorney's fees and a forward-looking injunction. Both requests should be dismissed.

First, Plaintiff lacks standing to obtain an injunction. He complains of calls that violated the TCPA, the last of which occurred nearly a year ago. There is no allegation that Plaintiff is in imminent danger of receiving future calls as required to obtain forward-looking injunctive relief. Consequently, his request for injunctive relief should be dismissed, which, in turn, should result in the dismissal of any class allegations asserted under Fed. R. Civ. P. 23(b)(2).

Second, Plaintiff prays for an award of attorney's fees. The TCPA, however, does not contain a fee-shifting provision, meaning that a prevailing party has no entitlement to attorney's fees. Accordingly, Plaintiff's request for attorney's fees should be dismissed, as many courts have held in addressing this same issue.

## RELEVANT BACKGROUND

Plaintiff filed the lawsuit in the United States District Court for the Eastern District of Pennsylvania in August 2024. (ECF 1.) Upon Freedom Forever's motion, the case was transferred to this Court on March 4, 2025. (ECF 9, 10.)

The Complaint alleges that Plaintiff received unwanted text messages and phone calls from a company (Boundless) that, Plaintiff claims, "appears to be a subsidiary of Freedom Forever." (ECF 1, ¶ 28.) Plaintiff alleges that he sent an email to an employee of Boundless (but not to Freedom Forever) in May 2023

requesting a copy of Boundless' Do Not Call ("DNC") Policy. (*Id.*, ¶ 29.) Then, over the two-day period of May 31-June 1, 2024, Plaintiff allegedly received several texts from Freedom Forever. (*Id.*, ¶ 32.) Based on those allegations, Plaintiff purports to seek certification of two nationwide classes – (1) a "National DNC Class" and (2) an "Internal Do Not Call Class." (*Id.*, ¶ 43.) The Complaint asserts two claims under the TCPA – (1) alleged violations of 47 U.S.C. § 227 for purported calls to Plaintiff despite his phone number allegedly being registered on the National Do Not Call Registry; and (2) alleged violations of 47 U.S.C. § 227(c)(5) for supposed violations of the TCPA's DNC provisions after a request that the alleged calls cease. (*Id.*, ¶¶ 50-59.)

## ARGUMENT

The standards governing Rule 12(b)(6) motions are well settled. "To survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Harris v. Harris*, 2020 WL 4352791, *2 (C.D. Cal. June 15, 2020) (Wright, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

2
DEFENDANT FREEDOM FOREVER, LLC'S PARTIAL MOTION TO DISMISS COMPLAINT
CASE NO. 2:25-CV-01970-ODW-ADS

## I. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED DUE TO HIS LACK OF ARTICLE III STANDING.

### A. Plaintiff Lacks Article III Standing to Obtain Injunctive Relief.

"Under the oft-repeated standing formulation, [plaintiff] must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). As these principles apply to a request for an injunction, "[t]o obtain injunctive relief, the plaintiff must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way." *Hedrick v. BSH Home Appliances Corp.*, 2024 WL 219098, *17 (C.D. Cal. May 14, 2024) (citing *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)). Specifically, "plaintiff must show a 'real and immediate threat of repeated injury.'" *Hedrick*, 2024 WL 219098, *17 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)); *see also Ok Hee Park v. AXA Equitable Life Ins. Co.*, 2023 WL 1931373, *8 (C.D. Cal. Jan. 11, 2023) ("A plaintiff seeking to obtain injunctive relief must establish that he or she is realistically threatened by a repetition of the violation to establish that the relief sought would redress the alleged injuries.") (citing *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006)).

Here, the Complaint makes no such allegations. Plaintiff alleges that he last received communications nearly eleven months ago, and he does not allege that there is any imminent threat that he will receive more communications now. The passage of such a lengthy period of time since Plaintiff received the alleged calls demonstrates the lack of an immediate threat of another call, as courts in this District and Circuit have held in dismissing requests for injunctive relief under the TCPA. *See, e.g., Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, *4 (C.D. Cal. Dec.

27, 2016) ("At the time plaintiff initiated this action, plaintiff had not received an unsolicited call from [defendant] in approximately eight months. . . . In light of that fact, nothing indicates that plaintiff has more than a hypothetical stake in equitable relief."); *see also Brown v. Nano Hearing Tech Opco, LLC*, 2024 WL 3367536, *8 (S.D. Cal. July 9, 2024) ("[Plaintiff] alleges she received three calls within one month in 2023 and does not allege she has received any additional calls since then. . . . The timing and number of calls do not show 'a sufficient likelihood that [s]he will again be wronged in a similar way.'") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *Blair v. Assurance IQ LLC*, 2023 WL 6622415, *5 (W.D. Wash. Oct. 11, 2023) (where, at time of complaint, "it had been three months since the last alleged call" and plaintiff "does not allege continuing, present adverse effects due to his exposure to [the] calls," court "dismisses [plaintiff's] claim for injunctive relief").

At bottom, Plaintiff alleges that he received calls in August 2022 – 32 months ago – and targeted texts over a two-day period of May 31-June 1, 2024. As the Supreme Court recently observed, "the events of the past do little to help any of the plaintiffs establish standing to seek an injunction to prevent future harms." *Murthy v. Missouri*, 603 U.S. 43, 144 S.Ct. 1972, 1989 (2024). Plaintiff has not alleged that he faces a real and immediate threat of receiving another call, and any such allegation would, in any event, be meritless under the caselaw cited above. Because Plaintiff lacks standing to seek an injunctio, his request for injunctive relief should be dismissed. *See Miller*, 2016 WL 7471302, *4 (no standing: "[T]he Court concludes that the risk [defendant] will continue to make unsolicited phone calls to plaintiff's phone is too speculative to establish a real or immediate threat of repeated injury."); *Blair*, 2023 WL 6622415, *5 (similar).

## B. Without a Class Representative Who Has Standing to Obtain an Injunction, the Rule 23(b)(2) Class Allegations Should Be Dismissed.

The Complaint seeks class certification under Federal Rule of Civil Procedure 23(b)(2). (*See* ECF 1, ¶ 49(c) (parroting language of Rule 23(b)(2) by asserting that "Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole").) But, because Plaintiff does not have standing to maintain a claim for injunctive relief, it follows that he cannot represent a class seeking relief under Rule 23(b)(2).

In this Circuit, "[w]hen a named plaintiff has no cognizable claim for relief, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) (quotations omitted); *see also Gordon v. Tootsie Roll Indus., Inc.*, 2017 WL 8292777, *2 (C.D. Cal. July 31, 2017) (quoting *Sanford*). In other words, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

In short, "a named plaintiff who lacks standing to seek prospective injunctive relief is not permitted to pursue injunctive relief on behalf of unnamed class members." *Bird v. First Alert, Inc.*, 2014 WL 7248734, *5 (N.D. Cal. Dec. 19, 2014). Accordingly, because Plaintiff lacks standing to obtain injunctive relief, he cannot represent a class seeking certification under Rule 23(b)(2). Therefore, the class allegations under Rule 23(b)(2) should be dismissed. *See, e.g., Nelsen v. King County*, 895 F.2d 1248, 1249 (9th Cir. 1990) (reciting that district court "dismissed [plaintiffs'] claims for injunctive relief" and that "certification of the class pursuant to Fed.R.Civ.P. 23(b)(2) was improper because [plaintiffs] lacked standing to assert

claims for injunctive relief"); *Jeffrey Katz Chiropractic v. Diamond Resp. Care*, 340 F.R.D. 383, 387 (N.D. Cal. 2021) (TCPA case: "The Court denies certification under Rule 23(b)(2) because [plaintiff] lacks Article III standing to bring a claim for final injunctive relief or corresponding declaratory relief.) (quotations omitted).

## II. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES SHOULD BE DISMISSED BECAUSE THE TCPA DOES NOT CONTAIN A FEE-SHIFTING PROVISION.

Plaintiff requests "[a]ttorneys' fees and costs as permitted by law." (ECF 1 at 12.) Unfortunately for Plaintiff, as a neighboring district court has observed, "The TCPA, unlike many consumer protection statutes, does not provide for attorney's fees." *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 469 (S.D. Cal. 2014); *see also Haley v. Hughes Network Sys., LLC*, 2013 WL 5937007, *3 (W.D.N.Y. Nov. 1, 2013) ("The TCPA makes no provision for attorney's fees or costs."); *Klein v. Vision Lab Telecomm., Inc.*, 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005) ("The TCPA makes no provision for attorney's fees or costs."); *J.C. Corp. Mgmt., Inc. v. Res. Bank*, 2005 WL 2206086, *4 (E.D. Mo. Sept. 12, 2005) ("TCPA does not provide for the recovery of attorney's fees").

Because the TCPA lacks a fee-shifting provision, courts routinely dismiss requests for attorney's fees in TCPA cases. For example, in *Richardson v. Verde Energy USA, Inc.*, 2016 WL 7380708, *6 (E.D. Pa. Dec. 19, 2016), the court recited that, in the complaint, "plaintiffs allege that they are entitled to recover reasonable attorney fees," but noted that there "is no authority under the Telephone Consumer Protection Act for such an award." Accordingly, the *Richardson* court granted "the defendant's motion to dismiss the claim for attorneys' fees." *Id.* Other courts consistently have held similarly. *See, e.g., Kline v. United Northern Mortgage Bankers Ltd.*, 2018 WL 4404674, *3 (M.D. Pa. Sept. 17, 2018) ("[Defendant]

argues that Mr. Kline's demand for attorneys' fees must be dismissed, because the TCPA does not allow for recovery of such fees. . . . [T]his Court agrees with [defendant]."); *Haley*, 2013 WL 5937007, *3 (holding that "the plaintiff is not entitled to an award of attorney's fees" in TCPA case); *Klein*, 399 F. Supp. 2d at 542-43 ("dismissing plaintiffs' claims for . . . attorney's fees" under the TCPA).

In short, Plaintiff asserts claims only under the TCPA, which does not contain a provision for a prevailing party to recover his attorneys' fees. Therefore, Plaintiff's request for attorneys' fees in the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Freedom Forever respectfully requests that the Court (1) dismiss Plaintiff's request for injunctive relief because Plaintiff lacks Article III standing to obtain such relief, and (2) dismiss Plaintiff's request for attorney's fees because such relief is not available under the TCPA, the only claim asserted in the Complaint.

DATED:    April 11, 2025.

/s/ *Brandon T. Willenberg*
PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

*Attorneys for Defendant,*
*FREEDOM FOREVER, LLC*

## L.R. 11-6.2 Certificate of Compliance

The undersigned certifies that this memorandum of points and authorities complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. The undersigned, counsel of record for Defendant, certifies that this brief contains 2,000 words, which complies with the word limit of L.R. 11-6.

Dated: April 11, 2025.

By:  *Brandon Willenberg*
Brandon Willenberg

## CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Pierson Ferdinand LLP, 12100 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On April 11, 2025, I served the following documents:

**DEFENDANT FREEDOM FOREVER, LLC'S NOTICE OF MOTION**

**DEFENDANT FREEDOM FOREVER, LLC'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

**PROPOSED ORDER RE DEFENDANT FREEDOM FOREVER, LLC'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

| | |
|---|---|
| 1 | X  CM/ECF SYSTEM. I caused a true and correct copy to be electronically filed with the Clerk of the Court for the Central District of California using the CM/ECF system and served on counsel. |

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 11, 2025, at San Diego, California.

/s/ *Brandon T. Willenberg*
Brandon T. Willenberg

## SERVICE LIST

Dana J. Oliver, Esq.
Oliver Law Center, Inc.
8780 19th St., #559
Rancho Cucamonga, CA 91701
dana@danaoliverlaw.com

Perrong Law LLC
Andrew K. Perrong
Pro Hac Vice
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Email: a@perronglaw.com

DEFENDANT FREEDOM FOREVER, LLC'S PARTIAL MOTION TO DISMISS COMPLAINT
CASE NO. 2:25-CV-01970-ODW-ADS