Dana Oliver
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021
*Local Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER, LLC<br><br>Defendant. | Case No. 2:25-cv-01970-ODW-ADS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff James E. Shelton ("Plaintiff" or "Mr. Shelton") brings this First Amended Class Action Complaint and Demand for Jury Trial against Defendant Freedom Forever LLC ("Defendant" or "Freedom Forever") and alleges as follows:

1.  Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer

Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his

own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Freedom Forever violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls.

**PARTIES**

4. Plaintiff James E. Shelton is an individual residing in the Eastern District of Pennsylvania.

5. Defendant Freedom Forever LLC is a corporation incorporated and having its principal place of business in California.

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has general personal jurisdiction over Defendant because the company is headquartered and has its principal place of business in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the

Defendant is a resident of this District.

## BACKGROUND

**A.   The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. THE TCPA REQUIRES ENTITIES TO HAVE SUFFICIENT POLICIES IN PLACE TO PREVENT UNWANTED CALLS BEFORE MAKING TELEMARKETING CALLS.**

13. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

15. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

16. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

17. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

18. This includes the requirement that "[a] person or entity making a call

for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

## FACTUAL ALLEGATIONS

19. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the automated calls at issue.

21. Plaintiff's telephone number, (484) XXX-XXXX, is a residential, non-commercial telephone number.

22. Mr. Shelton uses the number for personal, residential, and household reasons.

23. Mr. Shelton does not use the number for business reasons or business use.

24. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

25. Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there in 2015, more than eight years prior to the

calls at issue.

26. Plaintiff has never been a customer of Freedom Forever and never consented to receive calls from Freedom Forever.

27. Despite that fact, throughout August of 2022, the Plaintiff received multiple calls from agents of Freedom Forever who were attempting to sell him solar panels.

28. At least one of these agents was an individual named Corey Macklin, a Solar Energy Specialist with Boundless, Inc., which appears to be a subsidiary of Defendant Freedom Forever, who sent him an email on August 31, 2022 confirming the interaction and illegal telephone call.

29. On May 16, 2023, the Plaintiff sent an email to Mr. Macklin stating, "Hi Cory, please send me a copy of your Do Not Call Policy. Thank you! James Everett Shelton."

30. The Plaintiff received no response.

31. The Plaintiff was not placed on the Defendant's Do Not Call list and did not receive a copy of the Defendant's Do Not Call Policy.

32. This fact is evident from the fact that the Plaintiff received three text messages from the Defendant at the telephone number 888-960-5012, one on May 31, 2024, as well as two text messages on June 1, 2024:



33. The calls were all placed from agents who affirmatively identified that they were calling from Freedom Forever, including as evidenced by the above text messages.

34. All the calls were sent to attempt to sell the Plaintiff solar panels.

35. Prior to filing this suit, counsel for Plaintiff attempted to ascertain why the Plaintiff received these unsolicited illegal text messages. Counsel received a response from Steven Wysong, Compliance Support Specialist, stating,

- 8 -
FIRST AMENDED CLASS ACTION COMPLAINT

*Shelton v. Freedom Forever*

"Apologies for the delay in getting back to you. We have investigated these claims and are rejecting them. Your client is free to file suit if they wish, and we will be prepared to defend against it."

36. Then, during the pendency of this litigation, the Plaintiff received more calls from Defendant, demonstrating a future likelihood of harm.

37. Specifically, the Plaintiff received three text messages and three more calls.

38. The first such communication occurred on September 12, 2024, via text message from 951-944-2481. That text message read, "`Hi PHILIP, it's Faith from Bright Solar. Quick question - are you still exploring the idea of going solar to reduce your electric costs?`"

39. Bright Solar's registration with the California Secretary of State indicates that "Bright Solar Marketing LLC" *is* Defendant Freedom Forever:

| Entity Details | |
|---|---|
| Limited Liability Company Name | BRIGHT SOLAR MARKETING LLC |
| Entity No. | 202019810153 |
| Formed In | DELAWARE |
| **Street Address of Principal Office of LLC** | |
| Principal Address | 6569 LAS VEGAS BLVD SOUTH BLDG Q, STE 200/250 LAS VEGAS, NV 89119 |
| **Mailing Address of LLC** | |
| Mailing Address | 43445 BUSINESS PARK DRIVE, SUITE 104 TEMECULA, CA 92590 |
| Attention | Legal Department |
| **Street Address of California Office of LLC** | |
| Street Address of California Office | 43445 BUSINESS PARK DR SUITE 104 TEMECULA, CA 92590 |
| **Manager(s) or Member(s)** | |
| Manager or Member Name | Manager or Member Address |
| Freedom Forever LLC | 43445 BUSINESS PARK DRIVE, SUITE 104 TEMECULA, CA 92590 |
| **Agent for Service of Process** | |
| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE Registered Corporate 1505 Agent |
| **Type of Business** | |
| Type of Business | Freedom Forever LLC |

40. On September 16, 2024, the Plaintiff received a call from 445-263-5490. The individual was "Daria" with "Bright Solar" and was calling regarding a random property in New Jersey, to solicit the Plaintiff for solar panels for that property.

41. Then the Plaintiff received more messages, including text messages on the same and following day from 951-404-1533 and 928-238-8606 regarding appointment scheduling.

42. Defendant continued and continues to harass the Plaintiff. Indeed, on September 17, 2024, the Plaintiff received a call from 215-914-8136. On the line was "Cory" with Bright Solar on a recorded line, who wanted to schedule an in-person appointment. Plaintiff asked for an email, and "Corey" instead provided Plaintiff the website which was brightsolarmarketing.com.

43. That website provides an address of 27368 Via Industria, STE. 11 Temecula, CA 92590, which is the same address on the California Secretary of State for Bright Solar Marketing LLC.

44. Thereafter, on September 17, the Plaintiff *again* received a call from Corey from 215-714-6681, who stated that "Bright Solar" was simply the marketing arm of "Freedom Forever," who is the solar installer.

45. The only way to stop this illegal conduct, and the Defendant's

- 10 -
FIRST AMENDED CLASS ACTION COMPLAINT

*Shelton v. Freedom Forever*

continuing unlawful behaviour by which Defendant apparently refuses to stop contacting the Plaintiff, even in light of this instant and pending litigation, is an injunction.

46. Plaintiff is also entitled to declaratory relief that such obstinate conduct violates the TCPA and does not constitute the establishment of sufficient policies and procedures required under, *inter alia*, 47 C.F.R. § 62.1200(d).

47. The fact that Defendant continues to contact the Plaintiff, despite the pendency of this lawsuit, including by obfuscating its identity using fake names, including "Bright Solar," also gives rise to the fact that Defendant is acting knowingly and wilfully.

48. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

49. The calls were unwanted.

50. The calls were nonconsensual encounters.

51. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

52. Plaintiff never provided his consent or requested the calls.

53. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In

addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

54. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

55. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Freedom Forever's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop or for a copy of Defendant's Do Not Call Policy and (5) within the four years prior to the filing of the Complaint.

56. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of

persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

57. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

58. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

59. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

   a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

      b.     whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

      c.     Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

      d.     Whether Defendant should be held liable for violations committed on its behalf; and

      e.     Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

60.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

61.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. *23*(b) because:

      a.     The prosecution of separate actions by the individual Class

members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

   b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

   c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

   d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

62. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-61.

63. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on

the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

64. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

65. These violations were willful or knowing.

66. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

67. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

### COUNT II
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))**
**(On Behalf of Plaintiff and the Internal Do Not Call Registry Class)**

68. Plaintiff incorporates the allegations from all previous paragraphs 1-61 as if fully set forth herein.

69. The foregoing acts and omissions of Defendant and/or its affiliates,

agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

70. Defendant's violations were negligent, willful, or knowing.

71. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, and Internal Do Not Call Registry Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the National DNC Class as alleged herein;

B. Certification of the Internal Do Not Call Registry Class as alleged herein;

C. Appointment of Plaintiff as representative of the Classes;

D. Appointment of the undersigned as counsel for the Classes;

E. Damages to Plaintiff and members of the Classes pursuant to 47 U.S.C.

§ 227(c)(5);

F.    Injunctive relief for Plaintiff and members of the Classes, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry and/or preventing the Defendant from making calls to numbers which have previously requested that the Defendant not call;

G.    Attorneys' fees and costs, as permitted by law, including under the Class Action Fairness Act and out of any common fund established as a result of a class settlement or judgment; and

H.    Such other or further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 25th day of April, 2025.

            */s/ Andrew Roman Perrong*
            Andrew Roman Perrong, Esq.
            PA Bar #333687 (PHV)
            Perrong Law LLC
            2657 Mount Carmel Avenue
            Glenside, Pennsylvania 19038
            Phone: 215-225-5529 (CALL-LAW)
            Facsimile: 888-329-0305
            a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong