Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
(855) 384-3262

Attorney for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FREEDOM FOREVER LLC<br><br>Defendant. | Case No. 2:25-cv-01970-ODW-ADS<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL (ECF NO. 32)**<br><br>**Hearing: June 16, 2025**<br>**Time: 1:30 PM**<br>**Courtroom: 5D** |

# INTRODUCTION

Decades of TCPA-specific case law have confirmed the appropriateness of the TCPA's injunctive relief and attorneys' fees provisions. Multiple courts, as recently as several months ago, have upheld these provisions in the face of challenges to them. The Plaintiff's well-pled allegations in the Amended Complaint, which must be accepted as true for purposes of Defendant's motion, establish both that the Plaintiff is entitled to injunctive relief and may be entitled to attorneys' fees, particularly as *Freedom Forever continues to call him*. For the foregoing reasons, the Defendant's partial motion to dismiss should be denied.

# BACKGROUND

The Plaintiff pleads two putative classes for violations of the Telephone Consumer Protection Act, namely, for violations of the TCPA's do not call registry and internal do not call list provisions. Plaintiff alleges that, from as far as August of 2022 and continuing *through present*, including during the pendency of *this very lawsuit*, the Plaintiff has received calls from Freedom Forever which violate the TCPA. The fact the Plaintiff continues to receive calls, and that such calls have continued unabated for three years, including *during the pendency of this litigation*, unquestionably demonstrate continuing harm and his entitlement to injunctive relief. So too with the Plaintiff's claims for attorneys' fees, which the Plaintiff would be entitled to out of a common fund.

**LEGAL STANDARD**

"The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6)." *Matthews v. Mid City Cannabis Club, Inc.*, No. CV 20-07841 PA (JPRx), 2021 WL 1567496, at *2 (C.D. Cal. Mar. 2, 2021). Indeed, as it noted, "[t]he Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing a Rule 12(b)(6) motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). To overcome such a challenge, a plaintiff's "factual allegations in the complaint must suggest that the claim has at least a plausible chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

# ARGUMENT

1. **The Plaintiff has pled a likelihood of future harm, supported by the illegal conduct that has continued unabated for three years, including *during the pendency of this litigation*. Such conduct will continue without an injunction.**

Defendant Freedom Forever is no stranger to TCPA lawsuits. It is currently staring down at least five other lawsuits, including at least two other class actions, alleging substantially the same conduct at issue here. *Ewing v. Freedom Forever, LLC*, No. 3:25-cv-00530 (S.D. Cal. Mar. 07, 2025); *Callier v. Freedom Forever Texas, LLC*, No. 3:23-cv-00364 (W.D. Tex. Sep. 28, 2023); *Clark v. Freedom Forever LLC*, No. 5:24-cv-01903 (C.D. Cal. Sept. 06, 2024); *Doughty v. Bright Solar Marketing, LLC*, No. 1:24-cv-01190 (W.D. Tex. Oct. 4, 2024); *Barton v. Bright Solar Marketing, LLC*, No. 3:25-cv-05310 (W.D. Wash. Apr. 11, 2025). Of relevance to showing future harm here, the Plaintiff in the *Ewing* matter appears to continue to receive calls from Freedom Forever, including after having *twice* or *thrice* settled claims for illegal telemarketing conduct against Defendant.

Like these other Plaintiffs in those other suits and Mr. Ewing, Plaintiff has been unable to simply get Freedom Forever to cease calling him. As the Plaintiff's Amended Complaint makes clear, the Plaintiff received at least *three calls* and *three text messages* that Freedom Forever sent Plaintiff *during the pendency of the*

*litigation*. Several of these messages came from 951-411-2481, which continues to be the subject of numerous public complaints regarding the very same text message telemarketing conduct at issue here. Indeed, 800Notes, what was arguably the internet's first website dedicated to identifying unknown callers, contains multiple complaints about text messages from this number. 951-944-2481, 800NOTES, https://800notes.com/Phone.aspx/1-951-944-2481 [https://archive.md/Ec2x5].

      Despite these clear indicia of a risk of future injury, the Defendant raises a Rule 12(b)(6) challenge to the Plaintiff's standing to assert these claims for injunctive relief, claiming that the Plaintiff has not shown any risk of future injury to warrant standing because the Plaintiff hasn't received messages since October of 2024. But that characterization borders on the absurd. Freedom Forever thought nothing of contacting the Plaintiff *during the pendency of this litigation*. Its conduct demonstrates that it calls in an unpredictable and cyclical pattern, for example, calling in August of 2022 and then calling again in May and June of 2024, and then calling again in September of 2024. And given that Freedom Forever continues to be sued for such conduct, called the Plaintiff while it was sued, and without any confirmation that it is knocking it off, there remains a very real possibility of future harm giving rise to injunctive relief. As such, injunctive relief requiring Freedom Forever implement policies to comply with the TCPA is

required, as its current policies are manifestly inadequate, as demonstrated through the continued calling conduct suffered by Plaintiff and other class members.

Moreover, because the Defendant has brought its motion pursuant to Rule 12(b)(6), it seems to allege a lack of statutory standing, but in the same breath asserts the challenge as one against the Plaintiff's "*Article III standing*" to bring a request for injunctive relief for want of an imminent injury, which is properly brought pursuant to Rule 12(b)(1). Unlike motions to dismiss for lack of statutory standing under Rule 12(b)(6), "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). And a dismissal under Rule 12(b)(1) must necessarily be without prejudice. *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 847 (9th Cir. 2017) ("Because the district judge had no jurisdiction to reach the merits of Hampton's claims, he had no power to dismiss them with prejudice."). Thus, even if the Court finds that the Plaintiff has insufficiently alleged a continuing harm to justify injunctive relief *now*, it should nevertheless permit the Plaintiff to reassert such allegations of injunctive relief in the future.

Under the 12(b)(1) standard, there unquestionably remains the risk of future harm. As described above, this Court can take judicial notice of Freedom Forever's litany of other lawsuits, all alleging nearly identical illegal telemarketing conduct. It must credit the Plaintiff's allegations that he continues to receive calls, and also

take notice of the sporadic nature of Freedom Forever's calling conduct. This Court must accept these allegations as true under the applicable standard here and similarly hold that the Plaintiff is at real and immediate risk of future harm.

As such, an injunction is necessary to stop the aforementioned illegal conduct. These allegations plausibly establish a risk of future harm. Defendant presents no arguments whatsoever for why it *continues to call the Plaintiff during the pendency of this litigation* and does not even admit that it is knocking it off.

And though the Plaintiffs alleges future harm, he is not required to:

> The Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(3), creates a private right of action and allows a Court to order injunctive relief, monetary relief, and treble damages. Plaintiff is not seeking a preliminary injunction, which would require a showing of likelihood of success on the merits and irreparable harm. Defendant argues that Plaintiffs allegations do not suffice to establish either prong, and are inadequate to state a claim for treble damages. . . . In *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2004), the Eleventh Circuit differentiated statutory and non-statutory injunctions. . . . Where plaintiff sufficiently alleges a claim for a statutory violation, that is all that is required to request injunctive relief in a complaint. *Gutierrez v. Fla. Advert. & Mktg. Corp.,* 387 F. Supp. 3d 1410, 1411 (S.D. Fla. 2019).

The cases cited by the Defendant for its shaky proposition are similarly distinguishable. For instance, this Court in *Miller v. Time Warner Cable Inc.*, No. 816CV00329CASASX, 2016 WL 7471302, at *2 (C.D. Cal. Dec. 27, 2016), was faced with a far different fact pattern, dealing with a motion to compel arbitration on an arbitration agreement that explicitly did not require the plaintiff there to arbitrate claims for injunctive relief. Indeed, there the Court noted that

"[d]efendant does not contend that there is *no relief* available to plaintiff such that her claim is moot," but rather that she agreed to arbitrate. *Id.* Similarly, in *Brown*, the Southern District of California observed, on a Rule 12(b)(1) motion, not an improper 12(b)(6) as here, that the plaintiff did not plead a sufficient likelihood that she would be wronged in a similar here, unlike here, where the Plaintiff has demonstrated a pattern of unlawful behavior that continues to this day. *Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-CV-00221-BTM-JLB, 2024 WL 3367536, at *8 (S.D. Cal. July 9, 2024). And *Blair* was decided on similar facts to *Brown*, again under Rule 12(b)(1) and with leave to amend. *Blair v. Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415, at *4 (W.D. Wash. Oct. 11, 2023).

    Other federal courts have explicitly rejected the Defendant's arguments cited to here. Indeed, the Court in *Abramson v. AP Gas & Elec. (PA), LLC*, Civil Action No. 22-1299, 2023 U.S. Dist. LEXIS 18996, at *14-15 (W.D. Pa. Feb. 6, 2023) denied a similar motion to dismiss, reasoning that the conducing of "ongoing telemarketing" by the Defendant, as well as a high number of calls and disturbed solitude and annoyance, entitled the Plaintiff to injunctive relief. This Court should likewise hold, based on manifestly identical pleading.

    But even if the Court *does* dismiss the *injunctive relief* portion of the Rule 23(b)(2) class, the Plaintiff can, and still intends to, seek *declaratory relief* as permitted under the TCPA and Rule 23(b)(2). Accordingly, striking those class

claims at the pleadings stage is inappropriate, particularly when such dismissal must be without prejudice. None of the cases cited by the Defendant stand for the proposition that, where, as here, declaratory relief is available as a remedy under the TCPA. *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 649 (W.D. Wash. 2007) (holding that classwide injunctive and declaratory relief was appropriate); *Crawford v. Target Corp.*, No. 3:14-CV-0090-B, 2014 WL 5847490, at *4 (N.D. Tex. Nov. 10, 2014) (denying motion to dismiss declaratory relief in TCPA case). To be sure, if there is no injunctive relief *or* declaratory relief available to the Plaintiff, then dismissing the 23(b)(2) class is an appropriate remedy. Because the Plaintiff is nevertheless entitled to declaratory relief (and Defendant does not argue otherwise), the Plaintiff's putative 23(b)(2) class remains viable. This portion of the motion should also be denied entirely.

**2. The demand for attorneys' fees is not improper and should not be dismissed.**

Defendant's motion to dismiss the Complaint's request for attorney's fees is unpersuasive and has been uniformly rejected by federal courts nationwide, including the Eastern District of Pennsylvania, where this case originated, which has already rejected such claims. As the Amended Complaint makes clear, Plaintiff only seeks an award of attorney's fees *in connection with any common fund associated with a class action judgment*. The Plaintiff does not contend that the TCPA is a fee-shifting statute. Instead, the request for attorneys' fees is appropriate

because this case is a class action, and the Court could award fees if the litigation ultimately resulted in a common fund benefiting class members.

As a threshold matter, Plaintiff notes that Freedom Forever has moved to dismiss this request for relief, rather than strike it. However, such a motion is not properly a motion to dismiss and is more properly styled as a motion to strike, and the Court should treat it as a motion to strike. In any event, Defendant cites nothing to dispute that Plaintiff is entitled to such a recovery *in the event of a class-wide judgment*. All the cases cited by the Defendant, save for one, were *individual actions* under the TCPA, a statute that admittedly does not contain a fee-shifting provision. But unlike those cases, the Plaintiff is proceeding in this matter *as a putative class action*, and therefore will be unquestionably entitled to an award of attorneys' fees out of the common fund in this action.

To that end, the sole class action case Defendant relies on, *Richardson v. Verde Energy USA, Inc.*, No. CV 15-6325, 2016 WL 7380708, at *6 (E.D. Pa. Dec. 19, 2016), suffered from a pleading error, with the plaintiff there arguing that it may be "entitled to attorneys' fees under several different statutes and rules," without pleading conduct that would entitle plaintiff to recovery under any one of those statutes or rules. *Id.* To the contrary, in *Brown v. Rita's Water Ice Franchise Co. LLC*, 242 F. Supp. 3d 356, 360 (E.D. Pa. 2017), decided after *Richardson*, the Eastern District *approved* a TCPA class action settlement and noted that

"[a]ttorneys who create a settlement fund for class members are entitled to reasonable compensation from that fund."

And, contrary to the Court's holding in *Richardson*, which nevertheless simply dismissed the claim for attorney's fees without prejudice until a later part of the litigation, another federal court recently outright *denied* a nearly identical motion at the pleadings stage. It held that, although the TCPA does not authorize attorneys' fees and costs, where a complaint brings claims on behalf of a *putative class*, a request for attorneys' fees and costs from any future common fund is appropriate and should not be stricken. *Santiago v. Merriman River Assocs., LLC*, No. 3:17-CV-2054-VAB, 2018 WL 2465358, at *6 (D. Conn. June 1, 2018) (collecting cases and noting that, "By contrast, courts in this District have refused to strike fee requests in TCPA cases where a complaint states allegations on behalf of a putative class.") There is no reason for the Court to reach a different result here. Plaintiff is not seeking the recovery of attorneys' fees in connection with his individual action, but rather only with regards to his class claims, and Defendant's motion to dismiss in this regard should be denied.

## CONCLUSION

For the foregoing reasons, the Defendant's partial motion to dismiss ought to be denied in its entirety. Alternatively, to the extent that the Court finds that additional questions remain, it must permit the Plaintiff leave to amend.

Dated: May 23, 2025

                               PLAINTIFF, individually and
                               on behalf of others similarly situated,


                               */s/ Andrew Roman Perrong*
                               Andrew Roman Perrong, Esq.
                               (*Pro Hac Vice*)
                               Perrong Law LLC
                               2657 Mount Carmel Avenue
                               Glenside, Pennsylvania 19038
                               Phone: 215-225-5529 (CALL-LAW)
                               Facsimile: 888-329-0305
                               a@perronglaw.com


## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned certifies that this memorandum of points and authorities complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. The undersigned, counsel of record for Plaintiff, certifies that this brief contains 2,620 words, which complies with the word limit of L.R. 11-6.


DATED this 23rd day of May, 2025.

                               /s/ *Andrew R. Perrong*
                               Andrew R. Perrong

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 23, 2025, I caused the foregoing to be electronically filed with the Clerk using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                    /s/ *Andrew R. Perrong*
                                        Andrew R. Perrong