PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

Attorneys for Defendant,
Freedom Forever, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FREEDOM FOREVER, LLC, <br><br> Defendant. | **CASE NO.** <br> **2: 25-cv-01970-ODW-ADS** <br><br> **DEFENDANT FREEDOM FOREVER, LLC'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT** <br><br> June 16, 2025 <br> 1:30 PM <br> Courtroom 5D |

## INTRODUCTION

Defendant, Freedom Forever, LLC ("Freedom Forever"), submits this reply brief in support of its motion for partial dismissal of the First Amended Class Action Complaint ("Complaint") filed by Plaintiff, James E. Shelton. Plaintiff's response to Freedom Forever's motion is devoid of hardly any supporting caselaw, contains an improper request for judicial notice, and blatantly misstates his own Complaint.

With regard to Plaintiff's request for injunctive relief, he concedes that the most recent alleged communication he received from Freedom Forever occurred in September 2024, over eight months ago. In another proposed nationwide class action lawsuit against Freedom Forever under the Telephone Consumer Protection Act ("TCPA") pending in this District, Judge Sykes recently dismissed that plaintiff's request for injunctive relief based on similar allegations, and this Court should do the same here. Likewise, Plaintiff makes little effort to defend his request for attorney's fees, as he admits that the TCPA does not contain a fee-shifting provision, meaning that a prevailing party has no entitlement to attorney's fees. That alone should warrant dismissal of Plaintiff's request for attorney's fees.

## ARGUMENT

### I. PLAINTIFF LACKS STANDING FOR INJUNCTIVE RELIEF.

Plaintiff does practically nothing to contest Freedom Forever's argument that Plaintiff's request for injunctive relief should be dismissed. He fails to cite any case upholding standing to seek an injunction in a case such as this, where many months have passed since the last alleged communication. Nor does he meaningfully distinguish the on-point, in-Circuit cases of *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, *4 (C.D. Cal. Dec. 27, 2016), *Brown v. Nano Hearing Tech Opco, LLC*, 2024 WL 3367536, *8 (S.D. Cal. July 9, 2024), and *Blair v. Assurance IQ LLC*, 2023 WL 6622415, *5 (W.D. Wash. Oct. 11, 2023), each of which dismissed

requests for injunctive relief, often where the time since the last alleged call was the same, or less, than the eight months at issue here. *See Miller*, 2016 WL 7471302, *4 (eight months); *Blair*, 2023 WL 6622415, *5 (three months). Plaintiff does not plausibly plead the imminent threat of future harm to warrant injunctive relief.

      **A.    Judge Sykes Recently Dismissed a Similar Request for Injunctive Relief in a Proposed Class Action Brought under the TCPA.**

Instead, Plaintiff asserts that the existence of separate, unsworn complaints filed in lawsuits in other courts and jurisdictions against Freedom Forever somehow supports his request for injunctive relief here. (Doc. 36 at 4.) That, of course, is not the law – evidenced by Plaintiff's failure to cite any case holding that unsworn allegations in a separate complaint can support a request for injunctive relief in a wholly different lawsuit.

In any event, one of the separate lawsuits Plaintiff cites, *Clark v. Freedom Forever LLC* (*see id.*), is important here because, just four months ago, Judge Sykes *dismissed that class representative's claim for injunctive relief*. *See Clark v. Freedom Forever LLC*, Case No. 5:24-cv-01903-SSS-DTB, Order Granting Partial MTD (C.D. Cal. Jan. 27, 2025) (copy attached as Ex. A). Indeed, Judge Sykes rejected the exact same argument Plaintiff makes here – that allegations in unsworn complaints in other cases somehow suffice to supply standing to obtain an injunction in the specific case pending before the Court:

> Here, the Court finds that Clark has not sufficiently demonstrated he has standing to pursue injunctive relief for his claims. While he received a few robocalls from Defendant several months before the initiation of this action, there is no indication that he has, or will, receive further calls from Defendant. The Court acknowledges that Defendant is facing several other lawsuits for similar conduct, in which the

plaintiffs continue to receive calls from Defendant, but those cases are factually distinguishable from Clark's claims. The risk of future harm to those plaintiffs has no bearing on Clark's individualized claims here. Because Clark is unable to demonstrate he is realistically threatened by a repetition of the alleged harm, the Court finds he is not entitled to injunctive relief.

(Ex. A at 3-4 (bracketed text omitted).)[1]  There is no reason for this Court to treat this Plaintiff's request for injunctive relief any differently than did Judge Sykes.

### B. The Separate Complaints Are Not a Proper Subject of Judicial Notice, as Courts in This District Consistently Have Held.

Plaintiff casually mentions that "this Court can take judicial notice" of these other, separate lawsuits. (Doc. 36 at 6.)  Plaintiff is wrong.  As "the party requesting judicial notice, it [is] [Plaintiff's] burden to supply the Court with the information necessary to take judicial notice." *Mims v. Federal Express Corp.*, 2015 WL 12711651, n.6 (C.D. Cal. Jan. 15, 2015). Plaintiff has made no effort to carry that burden here, which is reason enough to reject his request for judicial notice.

Regardless, even if there were a proper request for judicial notice of the separate lawsuits, the request should be denied.  Indeed, court after court in this

---

[1] Judge Sykes also rejected another argument Plaintiff makes here regarding Rule 12(b)(1). (Doc. 36 at 6.) "Lack of subject matter jurisdiction may be raised by the district court sua sponte…[i]ndeed, courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." (Ex. A at 4 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).) Judge Sykes ruled that "[w]hile Defendant's challenge was brought under the incorrect subchapter of Rule 12, the Court *sua sponte* finds that it does not have subject matter jurisdiction over Clark's claim for injunctive relief for lack of Article III standing and the Motion is GRANTED as to that claim." (*Id.* (capitalization original).)

District has rejected the same request Plaintiff makes here. *See, e.g.*, *Mims*, 2015 WL 12711651, n.6 (refusing to take "judicial notice of various complaints filed in Los Angeles Superior Court in which both [parties] were defendants") (citing *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006)); *IMEX Leader, Inc. v. Zest US Wholesale, Inc.*, 2023 WL 2626968, *2 (C.D. Cal. Feb. 15, 2023) (denying request to take judicial notice of "complaints filed by Plaintiffs in separate actions, because they are irrelevant to the court's analysis"); *Karnati v. Boston Scientific Corp.*, 2019 WL 11626525, n.1 (C.D. Cal. Nov. 26, 2019) (rejecting plaintiff's request "that the Court take judicial notice of complaints and answers in other cases involving Defendants," as "these documents are irrelevant to" the issue before the court); *Carsey-Werner Co., LLC v. British Broadcasting Corp.*, 2018 WL 1083550, *4 (C.D. Cal. Feb. 23, 2018) ("Plaintiff requests that the Court take judicial notice of complaints filed by BBC in this District in two other, unrelated cases. . . . Although the documents offered by Plaintiff are appropriate subjects of judicial notice, the Court agrees with Defendants that they are not relevant and denies Plaintiff's request.") (citing, *inter alia*, *Bryant v. Mickelsen*, 551 F. App'x 348, 349 (9th Cir. 2014)); *see also Kang v. Credit Bureau Connection, Inc.*, 523 F. Supp. 3d 1174, 1180 n.6 (E.D. Cal. 2021) (denying request to judicially notice complaint filed by plaintiff and plaintiff's counsel in separate case because the complaint was "not relevant to resolving" the instant dispute) (citations omitted); *Simpson v. Vantage Hospitality Group, Inc.*, 2012 WL 6025772, n.4 (N.D. Cal. Nov. 4, 2012) (rejecting request for "judicial notice of six complaints from various state and federal class actions in California" because "the Court finds they are irrelevant to the pending Transfer Motion"). Plaintiff's vague, unmoved-for request for "judicial notice" is not properly before the Court and should be rejected in any event.

Otherwise, there is no meaningful difference between *Clark* and this case. Indeed, Plaintiff concedes that he has not received any communications from Freedom Forever since September 2024 – currently a period of eight months (and counting) with no plausible allegation that Plaintiff will receive another communication. Plaintiff's sole (and oft-repeated) substantive argument – that he allegedly has received communications since he initiated the lawsuit (Doc. 36 at 2, 5, 7) – is absurd. Under that (il)logic, if a currently pending case was filed in 2021 but an alleged call was made in 2022 ("during the pendency of the litigation"), the plaintiff has standing to obtain an injunction in 2025 simply because he supposedly received a call after the lawsuit was filed, regardless of the lengthy, intervening passage of time. That is non-sensical and, unsurprisingly, Plaintiff cites no case that has adopted such an irrational view of Article III standing. Nor can such a result be squared with the Supreme Court's recent observation that "the events of the past do little to help any of the plaintiffs establish standing to seek an injunction to prevent future harms." *Murthy v. Missouri*, 603 U.S. 43, 144 S.Ct. 1972, 1989 (2024). Because Plaintiff lacks standing to seek an injunction, his request for injunctive relief should be dismissed. *See Miller*, 2016 WL 7471302, *4 (no standing: "[T]he Court concludes that the risk [defendant] will continue to make unsolicited phone calls to plaintiff's phone is too speculative to establish a real or immediate threat of repeated injury."); *Blair*, 2023 WL 6622415, *5 (similar).

   **C. The Rule 23(b)(2) Class Allegations Should Be Dismissed.**

Plaintiff concedes that "if there is no injunctive relief . . . available to the Plaintiff, then dismissing the 23(b)(2) class is an appropriate remedy." (Doc. 36 at 9.) Plaintiff adds, however, that "Plaintiff can, and still intends to, seek *declaratory relief* as permitted under the TCPA and Rule 23(b)(2)" (*id.* at 8 (emphasis original))

and, therefore, his 23(b)(2) allegations should not be dismissed. That assertion fails for at least three reasons.

First, it is not at all clear that TCPA plaintiffs can obtain declaratory relief because, as with attorney's fees, there is no provision in the TCPA that provides for declaratory relief. Indeed, the statute's plain language states that a plaintiff alleging a TCPA violations may seek to "enjoin such violation" and/or "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation." 47 U.S.C. § 227(b)(3)(A), (B). As with attorney's fees, there is no provision in the TCPA that permits a TCPA plaintiff to seek, or for a court to grant, declaratory relief. *See Webster v. Bayview Loan Servicing, LLC*, 2015 WL 470523, *5 (S.D. Ind. Feb. 3, 2015) ("[T]he TCPA does not provide for recovery of attorney fees or for declaratory relief."), *vacated in part, rev'd in part on other grounds*, 618 F. App'x 864 (7th Cir. 2015).

Second, the same standing requirements that apply to a request for injunctive relief – which Plaintiff fails to satisfy here – apply to requests for declaratory relief. "The party seeking declaratory relief must demonstrate the three elements that comprise the 'irreducible constitutional minimum of standing': (1) an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical' that is (2) 'causal[ly] connect[ed]' and 'fairly traceable' to 'the conduct complained of' and 'not the result of the independent action of some third party not before the court' and (3) 'likely as opposed to merely speculative,' such that 'the injury will be redressed by a favorable decision.'" *San Diego Co. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1022-23 (9th Cir. 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Thus, in *Wijesinha v. So. Fla. MGS, LLC*, 387 F. Supp. 3d 1412, 1416 (M.D. Fla. 2019), the court struck the class plaintiff's request for declaratory relief in a TCPA case

because "Plaintiff has failed to sufficiently allege or demonstrate that she is likely to suffer injury in the future. Therefore, Plaintiff lacks standing to seek declaratory relief." Accordingly, Plaintiff lacks standing to obtain declaratory relief here because, as with his injunctive relief request, he has not plausibly alleged an "actual or imminent" injury.

Third, and most dispositively, Plaintiff's "declaratory relief" argument fails because ***his Complaint does not seek such relief***. The Complaint's Prayer for Relief seeks a number of remedies, but nowhere in that section is there a request for declaratory relief. (*See* Doc. 30 at 17-18.) Plaintiff's apparent argument that he is seeking declaratory relief is patently wrong and should be rejected; to the extent he is seeking to amend his Complaint via his response brief to seek such a remedy, that effort fails because it is black-letter law that Plaintiff "cannot amend his complaint through allegations in an opposition to a motion to dismiss." *Wiggins v. U.S. Gov't*, 2020 WL 5792477, *3 (C.D. Cal. Sept. 14, 2020); *see also Mirabadi v. Select Portfolio Servicing, Inc.*, 2024 WL 1151673, n.3 (C.D. Cal. Feb. 13, 2024); *Perez v. JPMorgan Chase Bank, N.A.*, 2020 WL 2515950, n.2 (C.D. Cal. May 8, 2020); *Sequeira v. Republic of Nicaragua*, 2018 WL 6267835, *10 (C.D. Cal. Aug. 24, 2018). Because Plaintiff has not pleaded a request for declaratory relief, his argument regarding such relief need not be addressed, and his Rule 23(b)(2) class allegations should be dismissed because he lacks standing to obtain injunctive relief.

## II. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES SHOULD BE DISMISSED.

Plaintiff concedes that "the TCPA is [not] a fee-shifting statute." (Doc. 36 at 9.) Nor does Plaintiff contest Freedom Forever's point that the Class Action Fairness Act, on which Plaintiff's request for attorney's fees purportedly is based (*see* Doc. 30 at 18), is not a fee-shifting statute and otherwise contains no fee-

shifting mechanism. These concessions alone should mandate dismissal of Plaintiff's request for attorney's fees.

Instead, Plaintiff asserts that Freedom Forever's "motion to dismiss the Complaint's request for attorney's fees . . . has been uniformly rejected by federal courts nationwide." (Doc. 36 at 9.) That statement is patently false. Indeed, Plaintiff scarcely makes any effort to address the many cases Freedom Forever cited in its brief that have dismissed the same request for attorney's fees in TCPA cases that Plaintiff makes here. *See Richardson v. Verde Energy USA, Inc.*, 2016 WL 7380708, *6 (E.D. Pa. Dec. 19, 2016) (granting "the defendant's motion to dismiss the claim for attorneys' fees"); *Kline v. United No. Mortgage Bankers Ltd.*, 2018 WL 4404674, *3 (M.D. Pa. Sept. 17, 2018) ("[Defendant] argues that Mr. Kline's demand for attorneys' fees must be dismissed, because the TCPA does not allow for recovery of such fees. . . . [T]his Court agrees with [defendant]."); *Haley v. Hughes Network Sys., LLC*, 2013 WL 5937007, *3 (W.D.N.Y. Nov. 1, 2013) (holding that "the plaintiff is not entitled to an award of attorney's fees" in TCPA case); *Klein v. Vision Lab Telecomm., Inc.*, 399 F. Supp. 2d 528, 542-43 (S.D.N.Y. 2005) (dismissing "plaintiffs' claims for . . . attorney's fees" under TCPA).

That Plaintiff proposes a class action here does not, and should not, make any difference; indeed, Plaintiff concedes that *Richardson* was a proposed class action, yet that plaintiff's request for attorney's fees was dismissed at the pleadings stage. Indeed, the court in *Richardson* recited the same argument Plaintiff makes here – "the plaintiffs argue that they may ultimately be entitled to attorneys' fees under several different statutes and rules, and whether such an award should be made in the future should not be evaluated at this time." *Richardson*, 2016 WL 7380708, *6. Rejecting that argument, the court held that "[a]t this stage of the litigation, however, there is no conduct on the defendant's part which could be construed as

8

potentially triggering one of those statutes or rules now or in the future. Accordingly, I will grant the defendant's motion to dismiss the claim for attorneys' fees." *Id.* The bottom (and undisputed) line is that "[t]he TCPA does not provide for an attorneys' fee award in a private action" – whether that "private action" is individual, multi-plaintiff, or class. *Brooks v. Caliber Home Loans, Inc.*, 2017 WL 3634606 M.D. Fla. Aug. 22, 2017) (noting that "Plaintiff does not oppose Defendant's motion to strike his claim for attorneys' fees under the TCPA"). Plaintiff's request for attorneys' fees in the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Freedom Forever respectfully requests that the Court (1) dismiss Plaintiff's request for injunctive relief because Plaintiff lacks Article III standing to obtain such relief, and (2) dismiss Plaintiff's request for attorney's fees because such relief is not available under the TCPA, the only claim asserted in the Complaint.

DATED:   May 30, 2025.

/s/ *Brandon T. Willenberg*
PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

*Attorneys for Defendant,*
*FREEDOM FOREVER, LLC*

9
**REPLY IN SUPPORT OF DEF. FREEDOM FOREVER, LLC'S PARTIAL MOTION TO DISMISS**
**CASE NO. 2:25-CV-01970-ODW-ADS**

## L.R. 11-6.2 Certificate of Compliance

The undersigned certifies that this memorandum of points and authorities complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. The undersigned, counsel of record for Defendant, certifies that this brief contains 2,699 words, which complies with the word limit of L.R. 11-6.

Dated: May 30, 2025.

By: /s/ *Brandon T. Willenberg*
Brandon T. Willenberg

# CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Pierson Ferdinand LLP, 12100 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On May 30, 2025, I served the document:

**DEFENDANT FREEDOM FOREVER, LLC'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**

X    CM/ECF SYSTEM. I caused a true and correct copy to be electronically filed with the Clerk of the Court for the Central District of California using the CM/ECF system and served on counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2025, at San Diego, California.

                                        /s/ *Brandon T. Willenberg*
                                        Brandon T. Willenberg

## SERVICE LIST

Dana J. Oliver, Esq.
Oliver Law Center, Inc.
8780 19th St., #559
Rancho Cucamonga, CA 91701
dana@danaoliverlaw.com

Perrong Law LLC
Andrew K. Perrong
Pro Hac Vice
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Email: a@perronglaw.com