UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-01903-SSS-DTBx | Date | January 27, 2025 |
|---|---|---|---|
| Title | Jon Anthony Clark v. Freedom Forever, LLC | | |

Present: The Honorable     SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL [DKT. 14]**

On October 31, 2024, Defendant Freedom Forever, LLC filed a Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). [Dkt. 14]. The Motion is fully briefed and ripe for review. [Dkt. 15 (Opp'n); Dkt. 18 (Reply)]. For the reasons stated below, Defendant's Motion is **GRANTED.**

**I.    BACKGROUND**

This matter arises out of Plaintiff Jon Anthony Clark's ("Clark") allegations that Defendant sent Plaintiff a prerecorded robocall on June 6, 2024. [Dkt. 1 at 5]. The message was voiced by a professional voice actor and asked the Plaintiff if he was a homeowner and was interested in speaking to someone about solar panels. [*Id*.]. The robot then transferred Plaintiff to a human being named "Val" who scheduled an appointment with Defendant. [*Id*.]. Plaintiff later received a follow-up call from Val and another from a man named Vincent, as well as a text from Vincent, all that same day. [*Id.* at 6].

Plaintiff alleges that he, and others similarly situated, were annoyed, harassed, and their privacy was violated as a result of these calls from Defendant.

[*Id*.]. Plaintiff seeks relief under the Telephone Consumer Protection Act of 1991 ("TCPA") which makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. [*Id.* at 3]; *See also* 47 U.S.C. § 227(b)(1)(A)(iii). It also provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In analyzing a motion to dismiss, a court must accept as true all material factual allegations and draw all reasonable inferences in the non-moving party's favor. *Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005). A court need not accept, however, "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When reviewing a Rule 12(b)(6) motion, a court must consider the complaint in its entirety and any attached documents, documents incorporated by reference, or matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If a complaint fails to state a plausible claim, a court should freely grant leave to amend under Federal Rule of Civil Procedure 15(a)(2) even if such a request was not made, unless amendment would be futile. *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

## III. DISCUSSION

Defendant requests that the Court grant (1) dismissal of Clark's request for injunctive relief on the basis that Clark lacks standing to obtain an injunction and (2) dismissal of Plaintiff's request for treble damages because he has failed to plead any "willful or knowing" violations of the TCPA. [Motion at 2].

Specifically, Defendant argues that Clark lacks Article III standing because he does not allege that there is any imminent threat that he will receive more alleged communications now, and this is sufficient to dismiss the individual as well as the class claim against Defendant. [*Id.* at 6–8]. Defendant also states that any claim for TCPA treble damages should be dismissed because Clark does not allege willful violations of the TCPA. [*Id.* at 9–11].

In response, Clark asserts that the Motion should be denied because he has sufficiently pled the likelihood of future harm and sufficiently alleged that Defendant knowingly sent prerecorded calls to his phone. [*Id.* at 6–18]. Clark supports his argument by insisting that the likelihood of future harm can be inferred by judicial notice of several other legal actions against Defendant for similar robocalls and, as to the TCPA claims, it is illogical that a telemarketer would unknowingly send pre-recorded calls under the facts presented here. [*Id.*].

### A. Injunctive Relief

To obtain injunctive relief, the plaintiff must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way. *Hedrick v. BSH Home Appliances Corp.*, 2024 WL 219098, *17 (C.D. Cal. May 14, 2024) (*citing Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)). "A plaintiff seeking to obtain injunctive relief must establish that he or she is realistically threatened by a repetition of the violation to establish that the relief sought would redress the alleged injuries." *Ok Hee Park v. AXA Equitable Life Ins. Co.*, 2023 WL 1931373, *8 (C.D. Cal. Jan. 11, 2023) (*citing Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006)).

Here, the Court finds that Clark has not sufficiently demonstrated he has standing to pursue injunctive relief for his claims. While he received a few robocalls from Defendant several months before the initiation of this action, there is no indication that he has, or will, receive further calls from Defendant. The Court acknowledges that Defendant is facing several other lawsuits for similar conduct, in which the plaintiffs continue to receive calls from Defendant, but those cases are factually distinguishable from Clark's claims. [Opp'n at 6–7]. The risk of future harm to those plaintiffs has no bearing on Clark's individualized claims here. Because Clark is unable to demonstrate he is realistically threatened by a repetition of the alleged harm, the Court finds he is not entitled to injunctive relief.

To be sure, Defendant's challenge to Clark's Article III standing was improperly brought under Fed. R. Civ. P. 12(b)(6) and should have been brought under 12(b)(1). "Lack of subject matter jurisdiction may be raised by the district court *sua sponte*…[i]ndeed, courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). While Defendant's challenge was brought under the incorrect subchapter of Rule 12, the Court *sua sponte* finds that it does not have subject matter jurisdiction over Clark's claim for injunctive relief for lack of Article III standing and the Motion is **GRANTED** as to that claim.

Further, Clark's class allegations cannot stand as he does not have Article III standing for his own claims. "When a named plaintiff has no cognizable claim for relief, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." *Sanford v. MemberWorks, Inc*., 625 F.3d 550, 560 (9th Cir. 2010) (quotations omitted). "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999). Thus, the Motion is **GRANTED** as to Clark's Rule 23(b)(2) class allegations.

### B. Treble Damages

The Court finds that Clark has not adequately plead that Defendant has committed willful violations of the TCPA. The text of the TCPA states that a Court may award treble damages if it finds that "the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection..." 47 U.S.C. § 227(b)(3). It is insufficient for Clark to allege facts that lead to the "inference" that Defendant sent prerecorded robocalls and it is "illogical" to do so unknowingly. [Opp'n at 11]. An inference of liability is not plausible when the allegations of the complaint give rise to an "obvious alternative explanation" of legality. *FFV Coyote LLC v. City of San Jose*, 637 F.Supp.3d 761, 772 (N.D. Cal. 2022) (*quoting Iqbal supra*, 556 US at 682). "The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion…" *AndersonNews, L.L.C. v. American Media, Inc.,* 680 F.3d 162, 185 (2nd Cir. 2012). As such, Clark has not sufficiently pled a claim for treble damages under the TCPA and the Motion is **GRANTED** as to that claim.

## IV. CONCLUSION

In accordance with the above, the Motion is **GRANTED**. [Dkt. 14]. However, since the Court does not find that amendment would be futile the Court **GRANTS** the Motion with leave to amend the deficiencies in the operative complaint.

Plaintiff Clark must file an amended complaint with a red-lined copy indicating the changes made attached by **February 14, 2025**. Failure to do so may result in dismissal of this case under Federal Rule of Civil Procedure 41(b). If Clark files an amended complaint, Defendant must either file a motion to dismiss or a responsive pleading within 14 days of being served the amended complaint.

**IT IS SO ORDERED.**