Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
(855) 384-3262

Attorney for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER LLC,<br><br>Defendant. | Case No. 2:25-cv-01970-ODW-ADS<br><br>**JOINT REPORT OF PARTIES' SCHEDULING CONFERENCE** |

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), the Local Rules of the Central District of California, and the Court's Order dated June 17, 2025, the parties submit this Joint Report following their conference held on July 23, 2025.

**1. Discovery Schedule:**

The parties propose a discovery schedule with initial disclosures due August 25, 2025, a fact discovery cutoff of February 25, 2026 (6 months from Scheduling Order), and an expert discovery cutoff of May 25, 2026 (additional 3 months after fact discovery). This is not the date by which discovery requests must be served;

- 1 –
**JOINT REPORT OF SCHEDULING CONFERENCE**

*Shelton v. Freedom Forever*

but the date by which all discovery is to be completed. Any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted. The Court requires compliance with Local Rules 37-1 and 37-2 in the preparation and filing of discovery motions. Except in the case of an extreme emergency which was not created by the lawyer bringing the motion, discovery motions may not be heard on an ex parte basis. The parties consent to the electronic service of discovery documents.

2. **Law and Motion Schedule:**

Motion for Class Certification and Motion for Summary Judgment must be filed no later than 45 days following the close of expert discovery (by July 9, 2026). Oppositions to be filed within 30 days thereafter (by August 10, 2026). Replies to be filed within 21 days thereafter (by August 31, 2026). Hearing dates to be set appropriately and in conformity with this schedule.

3. **Settlement Efforts:**

No substantive settlement discussions have occurred to date. The Plaintiff desires to mediate on a classwide basis at an appropriate time, but is not willing to mediate individually unless and until warranted. Defendant is willing to mediate on an individual basis. The parties recommend private mediation to be scheduled after

sufficient discovery has clarified the class claims and other substantive issues, in accordance with Local Rule 16-15.4(3).

**4. Trial Estimate and Proposed Dates:**

The Parties estimate trial length to be 4-5 days. Final Pretrial Conference and Trial dates to be set after Court rules on dispositive motions.

**5. Jury Trial:**

A trial by jury has been requested.

**6. Additional Issues Affecting Case Management:**

Parties agree that no case management conference is necessary.

**7. Proposals Regarding Severance, Bifurcation, or Ordering of Proof:**

None at this time.

**8. A short synopsis of the principal issues in the case:**

Plaintiff's Statement: Plaintiff James E. Shelton contends that Defendant Freedom Forever, LLC violated the Telephone Consumer Protection Act (TCPA) by placing multiple unsolicited telemarketing calls and text messages to his residential telephone numbers, which had been registered on the National Do Not Call Registry. Plaintiff asserts he never provided prior consent to receive such communications. Indeed, the Plaintiff asserts that, before receiving a *single call* at issue in this Complaint, the Plaintiff explicitly tendered an opt-out, but received calls anyway. Despite explicit requests for Defendant's internal Do Not Call policy and to be placed on Defendant's Do Not Call list, Plaintiff never received the policy and continued to receive unwanted communications even during the pendency of this litigation. Plaintiff alleges these actions violated both the TCPA's prohibition on contacting numbers registered on the National Do Not Call Registry and the requirement that companies honor internal do-not-call requests. As such, Plaintiff seeks certification of two distinct classes:

- 3 –
JOINT REPORT OF SCHEDULING CONFERENCE

*Shelton v. Freedom Forever*

**National DNC Class:** All persons in the United States whose telephone numbers were listed on the National Do Not Call Registry for at least 31 days but received more than one telemarketing call from or on behalf of Defendant promoting its goods or services within a 12-month period during the four years preceding the filing of the complaint.

**Internal Do Not Call Class:** All persons within the United States who were not customers of Defendant but received two or more telemarketing calls within a 12-month period despite previously requesting to stop such calls or requesting Defendant's Do Not Call policy within four years prior to the filing of the complaint.

Defendant has also filed a partial motion to dismiss Plaintiff's requests for injunctive relief and attorneys' fees, arguing that Plaintiff lacks standing for injunctive relief and that attorneys' fees are not recoverable under the TCPA. Plaintiff has opposed that motion and contends that the ongoing nature of Defendant's alleged violations demonstrates the necessity of injunctive relief. Moreover, the Plaintiff has appropriately asserted his entitlement to attorneys' fees from a common fund in the event of a class action settlement or judgment.

Defendant's Statement: Defendant, Freedom Forever LLC ("Freedom Forever"), did not place any calls to Plaintiff. Moreover, to the extent Plaintiff received any calls seeking to discuss solar products or services with Plaintiff, such calls were only placed with Plaintiff's consent, and recordings of those calls demonstrate that Plaintiff did not revoke consent to receive the calls. Once Plaintiff asked not to receive further calls, that request was honored and Plaintiff received no further calls. Accordingly, Freedom Forever expects to obtain summary judgment on each of Plaintiff's claims in this lawsuit, and further expects that the highly individualized issue of consent will preclude the certification of any of the proposed classes.

Freedom Forever has filed a motion for partial dismissal, seeking dismissal of Plaintiff's requests for attorney's fees and for injunctive relief. Because Plaintiff has not been called in over a year, there is no imminent threat of repeated legal violations sufficient to confer Article III standing on Plaintiff to seek injunctive relief, and the unavailability of attorney's fees under the TCPA precludes any request for attorney's fees.

**9. A statement of whether pleadings are likely to be amended:**

Plaintiff may seek leave to amend to include additional defendants, as discovery may reveal additional vendors or entities which may have placed the calls at issue.

**10. A statement as to issues which any party believes may be determined by motion:**

Defendant's partial motion to dismiss has been fully briefed. The Plaintiff intends to seek class certification to determine the propriety of the putative classes. Defendant, as discussed above, intends to file a motion for summary judgment.

Respectfully Submitted: August 7, 2025

        PLAINTIFF, individually and
        on behalf of others similarly situated,

        */s/ Andrew Roman Perrong*
        Andrew Roman Perrong, Esq.
        (*Pro Hac Vice*)
        Perrong Law LLC
        2657 Mount Carmel Avenue
        Glenside, Pennsylvania 19038
        Phone: 215-225-5529 (CALL-LAW)
        Facsimile: 888-329-0305
        a@perronglaw.com

        */s/ Barry Goheen*
        PIERSON FERDINAND LLP
        Brandon T. Willenberg (SBN 215918)

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

brandon.willenberg@pierferd.com  
Barry Goheen (Pro Hac Vice)  
barry.goheen@pierferd.com  
12100 Wilshire Blvd., Suite 800  
Los Angeles, CA 90025  
Telephone: (760) 518-8155

*Attorneys for Defendant,*  
*FREEDOM FOREVER, LLC*

- 6 –  
**JOINT REPORT OF SCHEDULING CONFERENCE**

*Shelton v. Freedom Forever*