PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

Attorneys for Defendant,
Freedom Forever, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON,<br>individually and on behalf of<br>of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER, LLC,<br><br>Defendant. | CASE NO.<br>2:25-cv-01970-ODW-ADS<br><br>DEFENDANT FREEDOM FOREVER, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT |

Defendant, Freedom Forever, LLC ("Freedom Forever"), submits its Answer and Defenses to the First Amended Class Action Complaint ("Complaint") filed by Plaintiff, James E. Shelton ("Plaintiff" or "Shelton"). Freedom Forever denies any allegations contained in the headings and unnumbered paragraphs in the Complaint. Freedom Forever denies any and all allegations in the Complaint not expressly admitted herein.

## ANSWER

In response to the allegations in the numbered paragraphs in the Complaint, Freedom Forever responds as follows:

1. Paragraph 1 purports to quote from Pub. L. 102-243, 105 Stat. 2394 (1991). To the extent the alleged quotation misquotes, mischaracterizes, or takes out of context the quoted passage, the allegations are denied. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, denies those allegations.

2. Paragraph 2 purports to quote from various regulations, statutes, and caselaw. To the extent the quotations misquote, mischaracterize, or take out of context the quoted and referenced passages, the allegations are denied.

3. Freedom Forever admits that Plaintiff purports to "bring[] this action to enforce the consumer-privacy provisions of the TCPA," but Freedom Forever denies that it placed any "telemarketing calls" and, therefore, denies the allegations in Paragraph 3.

4. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5. Freedom Forever denies the allegations in Paragraph 5.

6. Freedom Forever admits the allegations in Paragraph 6.

7. Freedom Forever admits the allegations in Paragraph 7.

8. Freedom Forever admits that venue is proper in this District.

9. Paragraph 9 purports to interpret 47 U.S.C. § 227(c)(5). Freedom Forever states that the referenced language speaks for itself, and to the extent Plaintiff misstates, misquotes, misinterprets, or takes out of context the language of 47 U.S.C. § 227(c)(5), the allegations are denied.

10. Paragraph 10 purports to interpret 47 C.F.R. § 64.1200(c)(2). Freedom Forever states that the referenced provision speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of 47 C.F.R. § 64.1200(c)(2), the allegations are denied.

11. Paragraph 11 purports to quote 47 C.F.R. § 64.1200(c)(2). Freedom Forever states that the referenced provision speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of that provision, the allegations are denied.

12. Paragraph 12 purports to quote and interpret 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). Freedom Forever states that the alleged provisions speak for themselves, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of the alleged provisions, the allegations are denied.

13. Paragraph 13 purports to quote from 47 U.S.C. § 227(c)(1). Freedom Forever states that the referenced statute speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of the alleged statute, the allegations are denied.

14. Paragraph 14 purports to quote from 47 U.S.C. § 227(c)(1)(A), (E). Freedom Forever states that the referenced provisions speak for themselves, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of the alleged provisions, the allegations are denied.

15. Paragraph 15 purports to interpret *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C.

Rcd. 8752 (Oct. 16, 1992). Freedom Forever states that the referenced provision speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of that provision, the allegations are denied.

16. Paragraph 16 purports to cite 47 C.F.R. §§ 64.1200(d)(1)-(7). Freedom Forever states that the referenced provision speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of that provision, the allegations are denied.

17. Paragraph 17 purports to quote from and interpret 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6). Freedom Forever states that the referenced provisions speak for themselves, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of the alleged provisions, the allegations are denied.

18. Paragraph 18 purports to quote from 47 C.F.R. § 64.1200(d)(4). Freedom Forever states that the referenced provision speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of the alleged provision, the allegations are denied.

19. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore,

denies those allegations.

20. Freedom Forever denies the allegations in Paragraph 20.

21. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies those allegations.

25. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26. Freedom Forever denies the allegations in Paragraph 26.

27. Freedom Forever denies the allegations in Paragraph 27.

28. Freedom Forever denies the allegations in Paragraph 28.

29. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31. Freedom Forever denies the allegations in Paragraph 31.

32. Freedom Forever denies the allegations in Paragraph 32.

33. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies those allegations.

34. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies those allegations.

35. Paragraph 35 purports to quote from an alleged "response" to a purported message from Plaintiff. Freedom Forever states that the alleged "response" speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of the alleged "response," the allegations are denied. Freedom Forever is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 35 and, therefore, denies those allegations.

36. Freedom Forever denies the allegations in Paragraph 36.

37. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies those allegations.

38. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies those allegations.

39. Freedom Forever denies the allegations in Paragraph 39.

40. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies those allegations.

41. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies those allegations.

42. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43. Paragraph 43 purports to describe an unidentified "website." Freedom Forever states that the alleged "website" speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of the alleged "website," the allegations are denied.

44. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies those allegations.

45. Freedom Forever denies the allegations in Paragraph 45.

46. Freedom Forever denies the allegations in Paragraph 46.

47. Freedom Forever denies the allegations in Paragraph 47.

48. Paragraph 48 purports to interpret the opinion in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016). Freedom Forever states that the cited opinion speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of the opinion, the allegations are denied.

49. Freedom Forever denies the allegations in Paragraph 49.

50. Freedom Forever denies the allegations in Paragraph 50.

51. Freedom Forever denies the allegations in Paragraph 51.

52. Freedom Forever denies the allegations in Paragraph 52.

53. Freedom Forever denies the allegations in Paragraph 53.

8
**ANSWER AND DEFENSES OF DEFENDANT FREEDOM FOREVER, LLC
CASE NO. 2:25-CV-01970-ODW-ADS**

54. Freedom Forever incorporates and realleges its responses to Paragraphs 1-53 as if fully set forth herein.

55. Freedom Forever admits that Plaintiff purports to seek class action status under Rule 23 of the Federal Rules of Civil Procedure and that the putative classes are defined in Paragraph 55, but Freedom Forever denies that this case is appropriate for class certification.

56. Because Freedom Forever denies that this case is appropriate for class certification, Freedom Forever denies the allegations in Paragraph 56.

57. Freedom Forever denies the allegations in Paragraph 57.

58. Freedom Forever is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 58 and, therefore, denies those allegations. Freedom Forever denies the remaining allegations in Paragraph 58.

59. Freedom Forever denies the allegations in Paragraph 59, including all subparts.

60. Freedom Forever denies the allegations in Paragraph 60.

61. Freedom Forever denies the allegations in Paragraph 61, including all subparts.

62. Freedom Forever incorporates and realleges its responses to Paragraphs 1-61 as if fully set forth herein.

63. Paragraph 63 purports to interpret 47 C.F.R. § 64.1200(c)(2). Freedom Forever states that the referenced provision speaks for itself, and to the extent Plaintiff misstates, misquotes, misconstrues, misinterprets, or takes out of context the language of that provision, the allegations are denied.

64. Freedom Forever denies the allegations in Paragraph 64.

65. Freedom Forever denies the allegations in Paragraph 65.

66. Freedom Forever denies the allegations in Paragraph 66.

67. Freedom Forever denies the allegations in Paragraph 67.

68. Freedom Forever incorporates and realleges its responses to Paragraphs 1-61 as if fully set forth herein.

69. Freedom Forever denies the allegations in Paragraph 69.

70. Freedom Forever denies the allegations in Paragraph 70.

71. Freedom Forever denies the allegations in Paragraph 71.

72. Freedom Forever denies that Plaintiff is entitled to any of the relief requested in the unnumbered "Prayer for Relief" paragraph immediately following Paragraph 71.

73. Freedom Forever denies all allegations not heretofore expressly admitted.

74. Freedom Forever demands a jury trial on all issues so triable.

# DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Freedom Forever pleads the following defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Plaintiff fails to state a claim against Freedom Forever, in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

Plaintiff may lack standing to maintain the claims asserted in the Complaint, because, among other things, he has not sustained a legal injury.

## THIRD DEFENSE

Freedom Forever has complied with the TCPA and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

Plaintiff's claims should be dismissed because Plaintiff cannot establish that the calls he allegedly received were sent via an automatic telephone dialing system and/or voice messages were sent with extensive human intervention.

## FIFTH DEFENSE

Freedom Forever invokes the defense of consent to all TCPA claims asserted in the Complaint.

## SIXTH DEFENSE

Plaintiff's alleged damages, if any, were caused, in whole or in part, by one or more parties for whom Freedom Forever is not responsible.

## SEVENTH DEFENSE

Plaintiff's claims may be subject to dismissal pursuant to the doctrines of estoppel and/or waiver.

## EIGHTH DEFENSE

To the extent applicable, any damages Plaintiff claims in this matter should be barred or reduced due to his failure to mitigate such alleged damages.

## NINTH DEFENSE

The putative class is uncertifiable because Plaintiff's claims and those of the putative class lack commonality, typicality, numerosity, adequacy, and predominance of common questions. As such, a class action would not be a superior method for resolving the dispute and claims Plaintiff alleges.

## TENTH DEFENSE

To the extent Freedom Forever violated the TCPA – which it denies – any such violations were not willful, thereby limiting Plaintiff's recovery, if any.

## ELEVENTH DEFENSE

Freedom Forever hereby give notice that it intends to rely upon additional defenses that may become available or appear during the proceedings in this case.

Freedom Forever additionally reserves the right to amend this Answer and Defenses to assert any such defenses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Freedom Forever prays that:

(1) Plaintiff's claims be dismissed in their entirety and with prejudice, and all costs taxed against Plaintiff in favor of Freedom Forever;

(2) Plaintiff be directed to pay Freedom Forever's attorneys' fees; and

(3) Freedom Forever be awarded such other and further relief as the Court deems just and appropriate.

DATED:   October 28, 2025.

    /s/ *Brandon T. Willenberg*
PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

*Attorneys for Defendant,*
*FREEDOM FOREVER, LLC*

# CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Pierson Ferdinand LLP, 12100 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On October 28, 2025, I served the document:

**DEFENDANT FREEDOM FOREVER, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

X    CM/ECF SYSTEM. I caused a true and correct copy to be electronically filed with the Clerk of the Court for the Central District of California using the CM/ECF system and served on counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2025, at San Diego, California.

/s/ *Brandon T. Willenberg*
Brandon T. Willenberg

## SERVICE LIST

Dana J. Oliver, Esq.
Oliver Law Center, Inc.
8780 19th St., #559
Rancho Cucamonga, CA 91701
dana@danaoliverlaw.com

Perrong Law LLC
Andrew K. Perrong
Pro Hac Vice
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Email: a@perronglaw.com