PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

Attorneys for Defendant,
Freedom Forever, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM FOREVER, LLC,<br><br>Defendant. | **CASE NO. 2:25-cv-01970-ODW-ADS**<br><br>**NOTICE OF MOTION AND MOTION FOR WITHDRAWAL OF COUNSEL OF DEFENDANT FREEDOM FOREVER, LLC**<br><br>**[L.R. 7-3 Certificate of Compliance]**<br><br>November 19, 2026<br>1:30 PM<br>Courtroom 5D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that, on November 19, 2026, at 1:30 p.m., in Courtroom 5D of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant, Freedom Forever, LLC ("Freedom Forever"), and its counsel Pierson Ferdinand LLP, hereby move for an order granting Pierson Ferdinand LLP to withdraw as counsel for Defendant, Freedom Forever, LLC. This Motion is made on the basis that Freedom Forever has filed for bankruptcy under Chapter 11 of the Bankruptcy Code and, therefore, lacks sufficient assets to continue defending this case at the current rate and has, therefore, consented to the withdrawal by its counsel. Freedom Forever understands that failing to retain replacement counsel may expose it to a default. Pierson Ferdinand LLP likewise cannot continue representing a client that is unwilling or unable to fund the work necessary to mount an effective defense. Because Freedom Forever has decided not to bear the ongoing expense required to defend this action, withdrawal is both necessary and appropriate. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Barry Goheen and exhibits thereto, and on all documents and records on file in this action, and on such further oral and documentary evidence as may be given at the hearing on this Motion. This Motion is made after compliance with the meet and confer requirements of Local Rule 7-3.

## CERTIFICATE OF COMPLIANCE WITH L.R. 7-3

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on Friday, August 28, 2026, at 3:30 p.m. (Eastern). Barry Goheen, Esq. (located in Georgia), for Defendant Freedom Forever, and Andrew Perrong, Esq. (located in Pennsylvania), for Plaintiff, attended the conference. The

telephonic conference lasted approximately 8-10 minutes and discussed the issues presented in this motion. Counsel for both parties acknowledged the issues that are the subject of this motion, but no resolution was reached at that time, necessitating this motion.

DATED: October 14, 2026.

/s/ *Brandon T. Willenberg*

PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

*Attorneys for Defendant, FREEDOM FOREVER, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

Attorneys Barry Goheen and Brandon Willenberg of Pierson Ferdinand LLP ("Defense Counsel") respectfully request leave of this Court to withdraw from representation of Defendant, Freedom Forever, LLC ("Freedom Forever").

## RELEVANT BACKGROUND

Plaintiff alleges he received unwanted text messages and phone calls from a company that, Plaintiff claims, "appears to be a subsidiary of Freedom Forever." (ECF 30, ¶ 28.) Plaintiff purports to seek certification of two classes under the Telephone Consumer Protection Act ("TCPA") (*Id.*, ¶ 55.) Defense Counsel currently represents Freedom Forever in this action; Brandon Willenberg is local counsel admitted to the bar of this Court, and Barry Goheen is admitted *pro hac vice*. (ECF 27.) As Freedom Forever previously advised, on April 15, 2026, Freedom Forever filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. (ECF 45, 45-1.)

All legal fees incurred in the defense of this case have been borne by Freedom Forever. (*See Decl. of Barry Goheen ("Goheen Decl.," Ex. A hereto), ¶ 6).*) As a consequence of the bankruptcy filing, and as Freedom Forever's CEO testified in a case involving another subsidiary of Freedom Forever, Freedom Forever has no funds available to continue outside counsel representation in this case. (*See Decl. of Brett Bouchy (Goheen Decl., Ex. 1), ¶ 7 ("Freedom Forever LLC has no funds to continue with outside representation in this case or any other cases . . .".)* .)

The Chapter 11 filing of Freedom Forever, the entity that is the sole source of funding for the Client's defense, fundamentally altered the circumstances under which undersigned counsel and his law firm undertook this representation. Defense Counsel no longer has current authority, instructions, or resources from which to make substantive litigation decisions on behalf of the Client. (*Goheen Decl., ¶ 8.*)

Defense Counsel cannot ethically or practically continue to act as advocates for the Client when the entity funding representation has entered bankruptcy and has ceased providing direction or resources for the defense of this case. (*Id.,* ¶ *9*.)

Defense Counsel has sent multiple emails and other communications to the person believed to still serve as in-house counsel for Freedom Forever, and undersigned declarant last received a response from in-house counsel on July 20, 2026 – nearly 90 days ago. (*Id.,* ¶ *10.*) As an example, upon entering the automatic stay in the case (ECF 45), the Court ordered the parties to advise the Court of the status of Freedom Forever's bankruptcy in 90 days. (ECF 46.) Plaintiff's counsel sent a draft joint status report to Defense Counsel, which the undersigned sent to in-house counsel for Freedom Forever on August 23, 2026, seeking confirmation as to its accuracy. (*Goheen Decl., Ex. 2; id.,* ¶ *11*.) In-house counsel did not respond. (*Id.,* ¶ *11*.) Over three weeks later, on September 16, 2026, Defense Counsel re-sent the same email with this note: "I am resending this to you as a reminder that we intend to move to withdraw as counsel in the Shelton case. As Mr. Bouchy has consented to our withdrawal in these cases, we will represent same to the court in our papers. As you know, if withdrawal is granted, the company will need to procure counsel in order to prevent a potential default. Thank you and let me know if you have any questions." (*Id.* ¶ *12; id., Ex. 2*.) Therefore, Defense Counsel has advised Freedom Forever in writing of this proposed withdrawal. (*Id.,* ¶¶ *12, 19*.)

Defense Counsel advised Freedom Forever of Defense Counsel's intent to seek withdrawal on September 16, 2026, to allow Freedom Forever to react or otherwise provide guidance to Defense Counsel regarding the withdrawal. (*Id.,* ¶ *13*.) Freedom Forever has not done so, providing Defense Counsel with no direction or communication in this matter for a period of several months. (*Id.*)

Defense Counsel seek withdrawal at this stage to minimize disruption to the Court's schedule. (*Id., ¶ 14*.) Indeed, there is no prejudice to any deadlines in the case because the Court, upon entering the automatic stay, expressly vacated all dates and deadlines in the case. (*Id., ¶ 15; ECF 46*.) Rather, this motion is filed because the changed circumstances described above (specifically, the loss of funding, authority, and client direction) render continued representation impracticable. (*Goheen Decl., ¶ 15*.)

Per the sworn declaration of Mr. Bouchy, Freedom Forever consents to the withdrawal of Defense Counsel. (*Id., ¶ 16; id., Ex. 1 (Decl. of Brett Bouchy, ¶ 8 ("Freedom Forever LLC . . . has consented to the withdrawal of counsel in . . . all other cases to which Freedom Forever, LLC, or any of its subsidiaries and affiliates . . . are parties."*.)) Defense Counsel has advised Plaintiff's counsel in writing of this proposed withdrawal. (*Id., ¶ 17; id., Ex. 3*.) In at least two other cases, federal district courts have granted counsel's motion withdraw based on the bankruptcy filing of Freedom Forever. (*Id., ¶ 18; id., Exs. 4, 5*.)

Defense Counsel conducted a telephonic conferral with counsel for Plaintiff to discuss this motion on August 28, 2026. (*Id., ¶ 17*.) For reasons that are unclear to Defense Counsel, counsel for Plaintiff expressed an intention to oppose Defense Counsel's withdrawal motion. (*Id*.) Nevertheless, Defense Counsel hereby certifies that Freedom Forever has satisfied this Court's meet-and-confer requirements regarding this Motion.

## ARGUMENT

## I. THE FOUR FACTORS GOVERNING WITHDRAWAL ARE MET.

"'Courts often weigh four factors in determining whether to grant or deny' a motion for withdrawal." *Strategic Asset Group, LLC v. Shabanets*, 2019 WL 13171157, *1 (C.D. Cal. Feb. 8, 2019) (quoting *Nedbank Int'l, Ltd. v. Xero Mobile,*

*Inc.*, 2008 WL 4814706, *1 (C.D. Cal. Oct. 30, 2008)). "Those factors are: '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'" *Strategic Asset Group*, 2019 WL 13171157, *1 (quoting *Nedbank*, 2008 WL 4814706, *1).

**A. The "Reasons Withdrawal Sought" Factor Favors Withdrawal.**

Withdrawal here is appropriate for at least three reasons. First, Freedom Forever has defaulted on its obligations to pay Defense Counsel for its representation of the company and its affiliates/subsidiaries in this and several other cases. As the Court recently recognized, "courts have found that '[a] client's failure to pay legal fees, while not dispositive, may constitute good cause to permit an attorney's withdrawal.'" *Ameris Bank v. Red's Specialized Carriers LLC*, 2026 WL 2001228, *2 (C.D. Cal. May 22, 2026) (quoting *Fabricant v. Fast Advance Funding, LLC*, 2018 WL 6927809, *2 (C.D. Cal. June 26, 2018)).

As detailed above, all legal fees incurred in the defense of this case have been borne by Freedom Forever. (*See Goheen Decl.,* ¶ *6.*) As a consequence of the bankruptcy filing, and as Freedom Forever's CEO testified in a case involving another subsidiary of Freedom Forever, Freedom Forever has no funds available to continue outside counsel representation in this case. (*See Decl. of Brett Bouchy (Goheen Decl., Ex. 1),* ¶ *7 ("Freedom Forever LLC has no funds to continue with outside representation in this case or any other cases . . . ".)* .) This is an appropriate basis for withdrawal. *See* Cal. Rule of Prof. Conduct 3-700(C)(1)(f) (citing breach of "an agreement or obligation to the [attorney] as to expenses or fees" as grounds for permissive withdrawal); *see also Bride v. Yolo Technologies, Inc.*, 2025 WL 2019944, *3 (C.D. Cal. July 1, 2025) (citing several cases).

Second, Freedom Forever's bankruptcy has resulted in mass terminations, layoffs, and voluntary departures that have left the company literally a shell of its pre-bankruptcy self. As a result, Freedom Forever has ceased providing direction or resources for the defense of this case. (Goheen Decl., ¶¶ 10-13.) Such a "lack of cooperation ha[s] made it unreasonably difficult for [Defense Counsel] to carry out its representation effectively." *Strategic Asset Group*, 2019 WL 13171157, *2. Similarly, Defense Counsel has sent multiple emails and other communications to the person believed to still serve as in-house counsel for Freedom Forever, and undersigned declarant last received a response from in-house counsel on July 20. 2026 – nearly 90 days ago. (Goheen Decl., ¶¶ 10-13; *id.*, Ex. 2.) Such a "breakdown in communication between counsel and the represented party constitutes good cause to withdraw as counsel." *Fred Hall Shows, Inc. v. Hall*, 2024 WL 3915150, *1 (C.D. Cal. July 22, 2024) (quoting *Fabricant v. Fast Advance Funding, LLC*, 2018 WL 6927809, **2-3 (C.D. Cal. June 26, 2018)); *see also Alexander v. Premier Warranty Group LLC*, 2026 WL 2350752, *2 (C.D. Cal. July 20, 2026) ("Failure to communicate with counsel constitutes good cause for an attorney to seek withdrawal.") (citing cases); *Stearns v. Stewart Title Guar. Co.*, 2026 WL 1426248, *2 (C.D. Cal. Mar. 4, 2026) (same); *Soles v. United Airlines, Inc.*, 2017 WL 10562538, *3 (C.D. Cal. Apr. 11, 2017) (same); *Safety Vision, LLC v. Enter. Funding Corp.*, 2021 WL 11583731, *2 (C.D. Cal. Nov. 5, 2021) (granting withdrawal, noting that the "reasons [for which defense counsel] seek to withdraw," including "inability to communicate with their client, . . .are compelling").

A third "compelling" reason is Freedom Forever's consent to Defense Counsel's withdrawal. As set out above, Freedom Forever's CEO has testified by declaration that "Freedom Forever LLC . . . has consented to the withdrawal of counsel in . . . all other cases to which Freedom Forever, LLC, or any of its

subsidiaries and affiliates . . . are parties." (Goheen Decl., ¶ 7; *id.*, Ex. 1, ¶ 8.) The client's consent supports a finding of good cause to grant withdrawal of Defense Counsel. *See Bride*, 2025 WL 2019944, *3 ("Under the circumstances presented here, including Defendant's failure to pay fees for ten months and Defendant's consent to Counsel's withdrawal, the court finds Counsel sufficiently demonstrates good cause to withdraw. *See* Cal. R. Prof. Conduct 1.16(b)(4)."); *see also McNally v. Common. Fin. Sys., Inc.*, 2013 WL 685364, *1 (S.D. Cal. Feb. 25, 2013) ("Here, Defendant's consent and inability to pay fees establish good cause for withdrawal."); *Indymac Fed. Bank, F.S.B. v. McComic*, 2010 WL 2000013, *1 (S.D. Cal. May 18, 2010) ("In the present case, good cause for withdrawal exists. First, Defendants have failed to pay Movants their legal fees as agreed upon and have indicated that they would be unable to make those payments.... Second, Defendants have assented to the Movants' withdrawal as counsel."). The first factor is satisfied.

### B. Plaintiff Cannot Claim Prejudice from the Withdrawal.

Plaintiff cannot reasonably claim any prejudice that would result from Defense Counsel's withdrawal. This case is in its early stages and, given the automatic stay (discussed further below), nothing of consequence in the case has been conducted since Freedom Forever filed in Chapter 11 petition in April, nor can any consequential actions be taken in the case unless and until the stay is lifted. Indeed, the Court has vacated all deadlines in light of Freedom Forever's bankruptcy. (ECF 46.) There can be no plausible claim of prejudice under these circumstances. *See Golden West Wings LLC v. ShiftPixy, Inc.*, 2024 WL 6970671, *3 (C.D. Cal. Dec. 27, 2024) (granting withdrawal and noting that plaintiffs "will face little prejudice if Defense Counsel withdraws given that this case is still in the early stages of litigation"). The "prejudice" factor favors withdrawal.

**C. Withdrawal Will Not Harm the Administration of Justice or Delay Resolution of the Case, Which Is Subject to the Automatic Stay.**

The closely-related third and fourth factors are satisfied as well. As was recently observed in a case permitting withdrawal, "[w]ithdrawal causes no disruption to the administration of justice where there are no pending motions or other imminent responsibilities." *Alexander*, 2026 WL 2350752, *2. That holding applies with equal force here, as there are no pending motions. And, as noted, "this action is still in the early stages of litigation." *Id.* No depositions have been scheduled, let alone taken. Plaintiff has not moved for class certification. Freedom Forever has not moved for summary judgment or otherwise filed a fully dispositive motion. Further, upon the filing of the Notice of Bankruptcy, the Court vacated all then-pending deadlines. (ECF 46.) Therefore, Defense Counsel's withdrawal cannot affect any deadlines or, consequently, delay the resolution of this case.

As in *Alexander*, "[t]he only pending motion is the Motion to Withdraw. As such, withdrawal is unlikely to cause any undue delay or harm to the administration of justice." *Id.*; *see also Stearns*, 2026 WL 1426248, *2 (granting withdrawal where "withdrawal will not harm the administration of justice, nor will it unreasonably delay the resolution of this case, which remains in fairly early stages"); *Bride*, 2025 WL 2019944, *3 ("withdrawal will not harm the administration of justice, nor will it unreasonably delay the resolution of this case, in which there are no hearings pending other than the hearing this Order vacates"); *Golden West Wings*, 2024 WL 6970671, *3 (granting withdrawal where "Defense Counsel's withdrawal will not harm the administration of justice or cause significant delay because there are no pending hearings in this matter"); withdrawal will not harm the administration of justice, nor will it unreasonably delay the resolution of this case, which is still in its early stages"); *Safety Vision*, 2021 WL 11583731, *2 (granting withdrawal where

"withdrawal will not harm the administration of justice, nor will it unreasonably delay the resolution of this case, which is still in its early stages").

Nor will Defense Counsel's withdrawal delay resolution of this case. Indeed, this case currently is stayed due to Freedom Forever's bankruptcy proceeding, so nothing has occurred in this case in many months, nor can anything of substance occur unless and until the stay is lifted. In the conferral process that preceded this motion, Plaintiff's counsel suggested that the automatic stay of this case in light of Freedom Forever's Chapter 11 filing precludes the Court from granting Defense Counsel's withdrawal. That is incorrect. Nothing in the Bankruptcy Code prohibits counsel in non-bankruptcy proceedings from withdrawing as counsel for the debtor in those proceedings after the automatic stay has gone into effect. Instead, the automatic stay bars actions against the debtor or which otherwise implicate property interests of the debtor. *See* 11 U.S.C. § 362(a)(1) (stating that the automatic stay applies to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding ***against the debtor*** that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.") (emphasis added). Defense Counsel's withdrawal in this case is neither an action against Freedom Forever (the debtor), nor does it implicate Freedom Forever's property interests.

District courts consistently have approved attorney withdrawals notwithstanding the automatic stay. *See, e.g.*, *Hartford Casualty Ins. Co. v. CW Construction & Dev., LLC*, 2020 WL 7014218, **1-2 (E.D. Tenn. Apr. 1, 2020) (granting withdrawal of defense counsel and agreeing that "the firm's withdrawal is not an action against Defendants and therefore does not violate the automatic stay under 11 U.S.C. § 362"); *Portscher v. Ohio Ind., Inc.*, 2007 WL 869596, *4

(W.D.N.Y. Mar. 20, 2007) (granting withdrawal notwithstanding automatic stay); *Banyan Licensing, Inc. v. Orthsupport Intern., Inc.*, 2002 WL 31059365, *4 (N.D. Ohio Aug. 15, 2002) ("[Defendant] being in bankruptcy, . . . the motion for leave to withdraw shall be granted."); *Stotler and Co. v. Sonnenschein*, 1989 WL 6376, *1 (N.D. Ill. Jan. 20, 1989) (granting withdrawal of defendant's counsel). The fourth factor favors withdrawal. *See Arouh v. GAN Ltd.*, 2025 WL 4736723, *2 (C.D. Cal. Dec. 22, 2025) ("[T]he court finds the fact that this case is stayed demonstrates that withdrawal will have limited impact on the two remaining factors, namely, the administration of justice and the resolution of the case."); *Fred Hall Shows*, 2024 WL 3915150, *2 ("Finally, there are no hearings pending for this case. Therefore, withdrawal is unlikely to delay the case's resolution.").

## II. OTHER DISTRICT COURTS, INCLUDING IN THIS CIRCUIT, HAVE PERMITTED DEFENSE COUNSEL TO WITHDRAW.

Since Freedom Forever filed its Chapter 11 petition in April, Defense Counsel have filed similar motions to withdraw from representation of Freedom Forever or its affiliates and subsidiaries in other cases. The courts in those cases, one of which was pending within this Circuit, granted those withdrawal motions. *See*; *Robertson v. Freedom Forever Va., LLC*, Case No. 1:25-cv-1921-MSN-IDD (E.D. Va. June 25, 2026) (Goheen Decl., Ex. 4) (granting withdrawal); *Barton v. Bright Solar Mktg. LLC, et al.*, Case No. 3:25-cv-05310-DGE (W.D. Wash. Aug. 24, 2026) (Goheen Decl., Ex. 5) (granting withdrawal). No court has denied Defense Counsel's request to withdraw from representing Freedom Forever or its related entities since Freedom Forever filed in Chapter 11 petition. (Goheen Decl., ¶ 18.)

## CONCLUSION

Freedom Forever requests that the Court grant this Motion and permit Defense Counsel to withdraw as Freedom Forever's counsel.

DATED: October 14, 2026.

/s/ *Brandon Willenberg*
PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

*Attorneys for Defendant,*
*FREEDOM FOREVER, LLC*

## L.R. 11-6.2 Certificate of Compliance

The undersigned certifies that this memorandum of points and authorities complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. The undersigned, counsel of record for Defendant, certifies that this brief contains 3,213 words, which complies with the word limit of L.R. 11-6.

Dated: October 14, 2026.

By: *Brandon Willenberg*
Brandon Willenberg

## CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am a resident of the State of Georgia, over the age of eighteen years, and not a party to the within action. My business address is Pierson Ferdinand LLP, 12100 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On October 14, 2026, I served the document:

**DEFENDANT FREEDOM FOREVER, LLC'S MOTION TO WITHDRAW**

X CM/ECF SYSTEM. I caused a true and correct copy to be electronically filed with the Clerk of the Court for the Central District of California using the CM/ECF system and served on counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2026, at San Diego, California.

_/s/ *Brandon Willenberg*
Brandon Willenberg

## SERVICE LIST

Dana J. Oliver, Esq.
Oliver Law Center, Inc.
8780 19th St., #559
Rancho Cucamonga, CA 91701
dana@danaoliverlaw.com

Perrong Law LLC
Andrew K. Perrong
Pro Hac Vice
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Email: a@perronglaw.com