# EXHIBIT A

# DECLARATION OF BARRY GOHEEN IN SUPPORT OF MOTION TO WITHDRAW

PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

Attorneys for Defendant,
Freedom Forever, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM FOREVER, LLC,<br><br>Defendant. | **CASE NO. 2: 25-cv-01970-ODW-ADS**<br><br>**DECLARATION OF BARRY GOHEEN IN SUPPORT OF MOTION FOR WITHDRAWAL OF COUNSEL OF DEFENDANT FREEDOM FOREVER, LLC**<br><br>November 19, 2026<br>1:30 PM<br>Courtroom 5D |

I, Barry Goheen, hereby declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America that the following is true and correct:

1. I am over the age of 18 and am otherwise competent to testify as to all matters herein, and make the following statements based on my own personal knowledge. I am an attorney of record for Freedom Forever, LLC ("Freedom Forever") ("Defendant" or "Client") in this matter. I am a partner at Pierson Ferdinand LLP, the law firm of record for Freedom Forever in this case ("Defense Counsel").
2. This Declaration is made in support of the motion to withdraw filed by Defense Counsel in this matter.
3. I certify that the motion to withdraw, and this declaration along with its exhibits, has been served on the Client and on counsel for Plaintiff.
4. I certify that the Client's address is 43445 Business Park Dr Ste 104, Temecula, CA 92590-3670, with a phone number of (800) 685-1850.
5. On April 15, 2026, Freedom Forever filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. That petition was previously filed with the Court at ECF 45-1.
6. All legal fees incurred by Defense Counsel in this case have been borne by Freedom Forever.
7. As a consequence of the bankruptcy filing, as Freedom Forever's CEO testified in a case involving a subsidiary of Freedom Forever, Freedom Forever has no funds available to continue outside counsel representation in this case. (*See Decl. of Brett Bouchy, ¶ 8 (attached as Exhibit 1 hereto)*

*("Freedom Forever LLC has no funds to continue with outside representation in this case or any other cases . . .".)* .)

8. The Chapter 11 filing of Freedom Forever, the entity that is the sole source of funding for the Client's defense, fundamentally altered the circumstances under which undersigned counsel and his law firm undertook this representation. Defense Counsel no longer has current authority, instructions, or resources from which to make substantive litigation decisions on behalf of the Client.

9. Defense Counsel cannot ethically or practically continue to act as advocates for the Client when the entity funding representation has entered bankruptcy and has ceased providing direction or resources for the defense of this case.

10. Indeed, undersigned declarant has sent multiple emails and other communications to the person believed to still serve as in-house counsel for Freedom Forever, and undersigned declarant last received a response from in-house counsel on July 20, 2026 – nearly 90 days ago.

11. As an example, upon entering the automatic stay in the case (ECF 45), the Court ordered the parties to advise the Court of the status of Freedom Forever's bankruptcy in 90 days. (ECF 46.) Plaintiff's counsel sent a draft joint status report to undersigned declarant, which the undersigned sent to in-house counsel for Freedom Forever on August 23, 2026, seeking confirmation as to its accuracy. (*See Exhibit 2 hereto*.) In-house counsel did not respond.

12. Over three weeks later, on September 16, 2026, undersigned declarant re-sent the same email with this note: "I am resending this to you as a reminder that we intend to move to withdraw as counsel in the Shelton case. As Mr. Bouchy has consented to our withdrawal in these cases, we will represent

same to the court in our papers. As you know, if withdrawal is granted, the company will need to procure counsel in order to prevent a potential default. Thank you and let me know if you have any questions." (*Id.*) Therefore, Defense Counsel has advised the Client in writing of this proposed withdrawal.

13. Again, in-house counsel did not respond to the email. Nevertheless, undersigned declarant advised Freedom Forever of Defense Counsel's intent to seek withdrawal on September 16, 2026, to allow Freedom Forever to react or otherwise provide guidance to Defense Counsel regarding the withdrawal. Freedom Forever has not done so, providing Defense Counsel with no direction or communication in this matter for a period of several months.

14. Defense Counsel seek withdrawal at this stage to minimize disruption to the Court's schedule.

15. This motion is not filed for the purpose of delay, nor to avoid compliance with any order of this Court. Indeed, there is no prejudice to any deadlines in the case because the Court, upon entering the automatic stay, expressly vacated all dates and deadlines in the case. (ECF 46.) Rather, it is filed because the changed circumstances described above (specifically, the loss of funding, authority, and client direction) render continued representation impracticable.

16. Per the sworn declaration of Mr. Bouchy, the Client consented to the withdrawal of counsel. (*See Ex. 1 hereto (Decl. of Brett Bouchy, ¶ 8 ("Freedom Forever LLC . . . has consented to the withdrawal of counsel in . . . all other cases to which Freedom Forever, LLC, or any of its subsidiaries and affiliates . . . are parties."*.))

17. Defense Counsel has advised Plaintiff's counsel in writing of this proposed withdrawal. (*See Ex. 3 hereto*.) Defense Counsel conducted a telephonic conferral with counsel for Plaintiff to discuss this motion on August 28, 2026. For reasons that are unclear to Defense Counsel, counsel for Plaintiff expressed an intention to oppose Defense Counsel's withdrawal motion.

18. In at least two other cases, federal district courts have granted counsel's motion withdraw based on the bankruptcy filing of Freedom Forever. No court has denied Defense Counsel's request to withdraw from representing Freedom Forever or its related entities since Freedom Forever filed in Chapter 11 petition.

    a. Attached as Exhibit 4 is a true and correct copy of the order granting Defense Counsel's request for withdrawal in *Robertson v. Freedom Forever Virginia, LLC*, Case No. 1:25-cv-1921-MSN-IDD (E.D. Va. June 26, 2026).

    b. Attached as Exhibit 5 is a true and correct copy of the order granting Defense Counsel's request for withdrawal in *Barton v. Bright Solar Marketing, LLC, et al.*, Case No. 3:25-cv-05310-DGE (W.D. Wash. Aug. 24, 2026).

19. I certify that I have advised the Client that "if withdrawal is granted, the company will need to procure counsel in order to prevent a potential default." (*Ex. 2 hereto*.)

I declare under penalty of perjury that the foregoing is true and correct.

This 14th day of October, 2026.

s/*Barry Goheen*

Barry Goheen