# DECLARATION OF BARRY GOHEEN EXHIBIT 5

# ORDER GRANTING WITHDRAWAL IN

***Barton v. Bright Solar Mktg. LLC, et al., Case No. 3:25-cv-05310-DGE***

***(W.D. Wash. Aug. 24, 2026)***

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br>Plaintiff,<br>v.<br>BRIGHT SOLAR MARKETING LLC,<br>Defendant. | CASE NO. 3:25-cv-05310-DGE<br>ORDER ON MOTION TO WITHDRAW AS COUNSEL (DKT. NO. 45) |

Before the Court is a motion from attorneys Barry Goheen and Frank Harrison of Pierson Ferdinand LLP to withdraw as counsel for Defendants Bright Solar Marketing LLC ("BSM"), Freedom Solar Services ("FSS"), and High Roller Marketing LLC ("HRM"). (Dkt. No. 45.) Plaintiff Nathen Barton has not responded to the motion.[1]

Local Civil Rule ("LCR") 83.2(b)(1) sets forth the conditions under which an attorney may withdraw from representation in a civil case:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections

[1] Plaintiff has been advised of the withdrawal, but did not file an objection. (*See* Dkt. No. 45-3.)

> (b)(2) or (b)(3). Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g). A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases) and shall include a certification that the motion was served on the client and opposing counsel. A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party. If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case, and at the discretion of the court in a criminal case.

Attorneys Goheen and Harrison seek to withdraw from this case because Freedom Forever, LLC ("FF"), the parent company of BSM, FSS and HRM, recently filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the District of Delaware. (Dkt. Nos. 45 at 2; 45-2.) Goheen and Harrison assert that FF has been paying all legal fees incurred by Defendants in this case, and that FF's bankruptcy means the company will no longer have funds to pay outside counsel. (Dkt. No. 45 at 3.) Goheen and Harrison argue they cannot continue representing Defendants when the entity funding representation has entered bankruptcy and has ceased providing direction or resources for the defense of this case. (*Id.*)

Goheen and Harrison certify they have complied with the requirements of 83.2(b)(1) by including Defendants' addresses and telephone numbers in a declaration attached to the motion to withdraw as counsel. (Dkt. No. 45-1 at 2.) The Court has not yet set any discovery deadlines in this case. Goheen and Harrison also certify they have complied with the requirements of LCR 83.2(b)(4), which requires an attorney for a business entity, prior to withdrawal, to certify to the court that:

> he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

Goheen and Harrison certify they have informed the Assistant General Counsel of FF of the requirements of the rule and have submitted email correspondence confirming they have done so. (Dkt. Nos. 45-1 at 3; 45-4.) Goheen and Harrison have also submitted a declaration from FF CEO Brett Bouchy confirming he consents to the withdrawal of counsel in this case. (Dkt. No. 45-5.)

The motion to withdraw (Dkt. No. 45) is GRANTED. Defendants are ORDERED to find substitute counsel and substitute counsel SHALL enter an appearance no later than **September 24, 2026**. If substitute counsel does not appear on behalf of Defendants by this deadline, Plaintiff may file a motion for default and subsequent motion for default judgment after entry of default against any unrepresented Defendant at that time.

Dated this 24th day of August, 2026.

David G. Estudillo
United States District Judge