Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
(855) 384-3262

Local Attorney for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER LLC,<br><br>Defendant. | Case No. 2:25-cv-01970-ODW-KS<br><br>**PLAINTIFF'S OPPOSITION TO MOTION FOR WITHDRAWAL OF COUNSEL OF DEFENDANT FREEDOM FOREVER, LLC (ECF NO. 48)**<br><br>Date: November 19, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D<br>Judge: Hon. Otis D. Wright II |

## INTRODUCTION

Plaintiff James E. Shelton opposes the motion of Pierson Ferdinand LLP ("Defense Counsel") to withdraw as counsel for Defendant Freedom Forever, LLC ("Freedom Forever"). (ECF No. 48.) Plaintiff does not ask the Court to keep Defense Counsel in this case indefinitely. He asks only that counsel not be permitted to exit in a way that leaves no one, including its attorneys or anyone with

authority to act for the company or who knows where the evidence is, standing between this putative class action and the loss of the calling records on which it depends.

Two facts the motion does not address make that risk concrete. First, Freedom Forever is no longer the Chapter 11 debtor the motion describes. As Defense Counsel joined in reporting to this Court, the bankruptcy was converted to a Chapter 7 liquidation on August 7, 2026, and a Chapter 7 trustee now controls the company and its records. The motion mentions neither the conversion nor the trustee, and nothing indicates that the instant motion was served on him. Second, Plaintiff served class discovery seeking Freedom Forever's calling records, and Freedom Forever never provided substantive responses. (Perrong Decl.; Exhibits A, B). Defense Counsel is the only participant in this case in a position to say where those records are. If counsel exits now and the estate is liquidated, Plaintiff may have no way to identify, much less obtain, the evidence needed to prove the class claims if and when the stay lifts.

The Court should deny the motion without prejudice or, at a minimum, condition withdrawal on the modest safeguards set out below.

## BACKGROUND

Plaintiff alleges that Freedom Forever is responsible for unsolicited telemarketing calls and text messages placed in violation of the Telephone

Consumer Protection Act, including by entities that appear to be Freedom Forever subsidiaries, and seeks to represent two classes. (ECF No. 30 ¶¶ 28, 39, 55.)

Before this action was stayed, Plaintiff served written discovery directed to class issues, including requests for Freedom Forever's outbound calling and texting records, the dialing platforms and vendors used to place the calls, and the custodians of those records. (Perrong Decl.; Exhibits A, B). Freedom Forever never provided substantive responses to the requests concerning its calling records and the parties were in the process of meeting and conferring regarding these issues prepetition. (*Id.*)

Freedom Forever filed a Chapter 11 petition on April 15, 2026, and waited over a month to notify this Court on June 4, 2026. (ECF No. 45.) The Court stayed this action, vacated all dates, and directed the parties to file joint status reports every 90 days. (ECF No. 46.) On August 7, 2026, the bankruptcy court converted the case to one under Chapter 7, and a Chapter 7 trustee was appointed. (ECF No. 47 § 2.) Defense Counsel joined in that report. (*Id.*) The trustee is Alfred T. Giuliano. *See In re Freedom Forever LLC*, No. 26-10522 (BLS) (Bankr. D. Del.).[1]

Defense Counsel filed this motion on October 14, 2026. The motion describes Freedom Forever throughout as a Chapter 11 debtor. (ECF No. 48 at 2,

---

[1] Plaintiff requests that the Court take judicial notice of the bankruptcy docket. *See* Fed. R. Evid. 201(b).

4.) For client consent, it relies on a declaration that Freedom Forever's chief executive signed on June 12, 2026, before the conversion, in a different case involving a different entity, Freedom Forever Virginia LLC. (ECF No. 48-2.) For client communication, it recounts unanswered emails to a person "believed to still serve as in-house counsel," who has not responded since July 20, 2026. (ECF No. 48 at 5.) The certificate of service reflects service only through CM/ECF (*id.* at 14), and nothing in the papers indicates that the motion was served on the trustee. The proposed order would give Freedom Forever until December 31, 2026 to obtain substitute counsel and would then authorize Plaintiff to seek default. (ECF No. 48-7 at 2.)[2]

## ARGUMENT

### A. The Court Has Discretion to Deny or Condition Withdrawal to Prevent Prejudice.

An attorney may not withdraw except by leave of court, and the motion must be supported by good cause. L.R. 83-2.3.2. "Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." *Id.* And "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.3.5. Whether to permit withdrawal is committed to the

[2] The proposed order also describes the motion as "Dkt. No. 45," which is Freedom Forever's notice of bankruptcy. (ECF No. 48-7 at 2.)

Court's discretion. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). Defense Counsel's own authorities direct the Court to weigh the prejudice withdrawal may cause to other litigants and the harm it may cause to the administration of justice. (ECF No. 48 at 6-7 (citing *Strategic Asset Grp., LLC v. Shabanets*, 2019 WL 13171157, at *1 (C.D. Cal. Feb. 8, 2019)).) As the Seventh Circuit has put it, "prejudice to third parties—who might have more to lose than the unpaid lawyer—is another potential ground for denying a motion to withdraw." *Fid. Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002). Withdrawing counsel must also take reasonable steps to avoid foreseeable prejudice to the client, including delivering the client's file. Cal. R. Prof. Conduct 1.16(d), (e); *see also* L.R. 83-3.1.2.[3]

**B. The Motion Rests on Stale Consent and Was Not Served on the Person Who Now Speaks for the Client.**

The motion calls Freedom Forever's consent a "compelling" reason to permit withdrawal. (ECF No. 48 at 8.) But the only evidence of consent is Mr. Bouchy's June declaration, given in another case while Freedom Forever was a debtor in possession. Upon conversion to Chapter 7, control of the estate, including the company's books and records, passed to the trustee. *See* 11 U.S.C. §§ 323(a), 521(a)(4), 704(a)(1); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S.

[3] The motion relies on former California Rule of Professional Conduct 3-700(C)(1)(f). (ECF No. 48 at 7.) That rule was superseded by Rule 1.16.

343, 352-53 (1985). The trustee, not former management, now acts for Freedom Forever. Yet the motion does not mention the conversion, does not identify the trustee, and does not show that he received notice, even though the Local Rules require written notice to the client reasonably in advance. L.R. 83-2.3.2; *see also* L.R. 83-2.3.4. On this record, Defense Counsel has shown neither the consent of the person entitled to give it nor notice to him.

**C. Withdrawal Now Would Sever the Only Link to the Calling Records.**

Defense Counsel argues that Plaintiff cannot be prejudiced because the case is stayed and its deadlines vacated. (ECF No. 48 at 9.) That misses the prejudice. Plaintiff's chief concern is about lost evidence, not missed deadlines.

In a TCPA class action, the defendant's calling records are the central evidence on both class certification and the merits. *See Johnson v. Moss Bros. Auto Grp., Inc.*, No. ED CV 19-2456-FMO (SPx), 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (call logs and dial lists relevant to numerosity and commonality); *Doherty v. Comenity Capital Bank*, No. 16cv1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (same, outbound dial lists). Plaintiff asked for those records, and Freedom Forever never substantively responded. Plaintiff therefore still does not know which systems, vendors, or affiliates hold the records of the calls at issue. That gap matters all the more here because the calls appear to have

been placed through subsidiary entities, and Freedom Forever is bringing its subsidiaries into the bankruptcy as well (ECF No. 48-2 at 3 ¶ 9).

Freedom Forever is now being liquidated, and by Defense Counsel's own account its workforce has been depleted by "mass terminations, layoffs, and voluntary departures." (ECF No. 48 at 8.) The trustee was not involved in this litigation and has no reason to know which records bear on it. Defense Counsel, by contrast, defended this case into class discovery and holds the client file it must deliver on withdrawal in any event. *See* Cal. R. Prof. Conduct 1.16(e). If counsel withdraws without that information being preserved and passed on, and the company's records are sold, abandoned, or discarded in the liquidation, *see* 11 U.S.C. §§ 554, 704(a)(1), Plaintiff and the putative class may be left with no means of identifying who received the calls, however the stay is ultimately resolved.

That outcome would reward Freedom Forever for going silent. It stopped communicating with its own counsel months ago (ECF No. 48 at 5) without answering the bulk of class discovery. (Perrong Decl.; Exhibits A, B). Plaintiff did not cause that breakdown and should not bear its consequences. *See Fid. Nat. Title*, 310 F.3d at 540.

**D. The Stay Does Not Support Withdrawal Now, and the Proposed Order Would Invite a Stay Violation.**

The stay cuts the other way. While this action is stayed, continued representation ensures that someone remains accountable for outstanding discovery

at minimal cost. There are no deadlines or hearings, and the only obligation on the horizon is the next joint status report, due December 2, 2026. (ECF No. 46; ECF No. 47 § 5.) Withdrawal, by contrast, would leave a corporate debtor that may appear only through counsel, *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993), with no representative in this case at all, including no one to receive notices, join status reports, or answer for the evidence.

The proposed order underscores the problem. It would authorize Plaintiff to seek default if substitute counsel does not appear by December 31, 2026. (ECF No. 48-7 at 2.) But Freedom Forever is a debtor protected by the automatic stay, and no default could be pursued against it while the stay remains in effect. *See* 11 U.S.C. § 362(a)(1). The orders on which Defense Counsel relies do not suggest otherwise. Both involved Freedom Forever subsidiaries, not the debtor itself. In *Robertson*, the court denied a stay and directed the plaintiff to seek default immediately (ECF No. 48-5 at 2), and in *Barton*, the motion was unopposed (ECF No. 48-6 at 2 n.1). Neither involved the present Chapter 7 liquidation, an unserved trustee, or outstanding discovery into the records needed to prove class claims.

## CONCLUSION

The Court should deny the motion without prejudice to renewal after the stay is lifted, or after the Chapter 7 trustee has been served and given an

opportunity to be heard. Alternatively, if the Court permits withdrawal, Plaintiff asks that it be conditioned on the following:

(1) Defense Counsel serving the motion and the Court's order on the Chapter 7 trustee and filing proof of that service before withdrawal takes effect;

(2) Defense Counsel delivering Freedom Forever's client file for this action, including Plaintiff's discovery requests, any responses or drafts, and any calling data gathered, to the trustee, and filing a declaration identifying, to the extent known and not privileged, the entities, systems, and third-party vendors that maintain records of the calls and texts at issue;

(3) the order stating that withdrawal does not relieve Freedom Forever of its obligation to preserve evidence relevant to this action, including its calling records;

(4) papers continuing to be served on Defense Counsel, for forwarding to the trustee, until substitute counsel appears; and

(5) any deadline for substitute counsel running from the lifting of the stay, with the proposed order's default provision stricken.

Dated: October 28, 2026

PLAINTIFF, individually and
on behalf of others similarly situated,

*/s/ Andrew Roman Perrong*

Andrew Roman Perrong, Esq.
(*Pro Hac Vice*)
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1,894 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case. I further certify that I mailed a copy to: Alfred T. Giuliano, Giuliano, Miller & Company, LLC 2301 E Evesham Road 800 Pavilion, Suite 210 Voorhees, NJ 08043

October 28, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

**ARTIFICIAL INTELLIGENCE COMPLIANCE STATEMENT**

The undersigned certifies that this submission uses generative artificial intelligence. If generative artificial intelligence was used, following drafting, I reviewed, revised, and supplemented all portions of the brief, including those that were informed by the use of Artificial Intelligence or based on prior templates. I independently verified the factual and legal accuracy of the content and confirmed that all arguments and authorities were appropriate to the issues presented.

October 28, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.