PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

Attorneys for Defendant,
Freedom Forever, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMES E. SHELTON, individually and on behalf of of all others similarly situated, | ) | **CASE NO. 2:25-cv-01970-ODW-ADS** |
| Plaintiffs, | ) | **DEFENDANT FREEDOM FOREVER, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** |
| v. | ) | |
| FREEDOM FOREVER, LLC, | ) | |
| Defendant. | ) | |

COMES NOW Defendant, Freedom Forever LLC ("Freedom Forever"), by and through its undersigned attorneys of record, and submits its Objections and Responses to Plaintiff's First Set of Discovery Requests ("Discovery Requests").

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

Freedom Forever makes the following objections to the Discovery Requests in response to the instructions and definitions provided by Plaintiff. To the extent this is not made clear below, the below objections apply and limit, as appropriate, Freedom Forever's responses to each Discovery Request.

1. Freedom Forever objects to each one of Plaintiff's instructions to the extent the instruction imposes obligations beyond those required under the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, the Court's order(s), or other applicable authority.

2. Freedom Forever objects to the Discovery Requests to the extent any Discovery Request focuses solely on the merits of Plaintiff's claims and not on issues pertaining to class certification. In proposed class actions, discovery prior to the decision on class certification should be strictly controlled to focus on issues related to class certification. As such, Freedom Forever is not under an obligation to respond to Discovery Requests that do not pertain to the question whether a class should be certified in this case. By responding to any of the Discovery Requests herein, Freedom Forever is not waiving any objection that the particular Discovery Request does not pertain to class certification-related issues.

3. Freedom Forever objects to the definition of "Defendant" to the extent that the

definition encompasses individuals or entities not named in the lawsuit. For example, the proposed definition purports to include "past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." Freedom Forever has no obligation to respond to Discovery Requests or produce documents within the possession, custody, or control of other individuals or entities not named in the lawsuit.

4. Freedom Forever objects to the definition of "You" to the extent that the definition encompasses individuals or entities not named in the lawsuit. For example, the proposed definition purports to include "past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." Freedom Forever has no obligation to respond to Discovery Requests or produce documents within the possession, custody, or control of other individuals or entities not named in the lawsuit.

5. Freedom Forever objects to the definition of "telemarketing" to the extent it is legally inaccurate and unsupported. Plaintiff does not cite to a source for such definition, and it is not supported by legal authorities and cases. In responding to the Discovery Requests, Freedom Forever will apply the definition of "telemarketing" found at 47 C.F.R. § 64.1200(f)(12).

6. Freedom Forever responds to the Discovery Requests herein based on the allegations contained in the document titled "First Amended Complaint for Damages" filed in this case on April 25, 2025 (D.E. 30).

**RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES**

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

   **ANSWER: Freedom Forever objects to this Interrogatory on the basis that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Freedom Forever further objects to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence, as the identity of persons contributing to these Interrogatory responses is not relevant to any claim or defense asserted in this case. Subject to and without waiving these objections, Freedom Forever states that Steven Wysong contributed to the answers to the Interrogatories, and further states that no information is being withheld based on its objections.**

2. Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

   **ANSWER: Freedom Forever objects to this Interrogatory on the basis that it assumes facts not in evidence – specifically, that there was a "campaign" that "contacted the Plaintiff." Subject to and without waiving its objections, Freedom Forever states that it has no knowledge or information responsive to this Interrogatory, and further states that no information is being withheld based on its objections.**

3. Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**: ***See* Response to Interrogatory No. 2.**

4. Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER**: ***See* Response to Interrogatory No. 2.**

5. Identify all employees or vendors involved in making outbound calls promoting your goods and services, including Boundless, Inc. and Bright Solar Marketing LLC. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER**: **Freedom Forever objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and is not likely to lead to the discovery of admissible evidence. "[O]utbound calls" do not, in and of themselves, constitute TCPA violations. Accordingly, there is no basis for Plaintiff to seek or request information concerning "all employees or vendors involved in making outbound calls promoting [Freedom Forever's] services." Subject to and without waiving its objections, Freedom Forever states that it is willing to meet and confer with Plaintiff in an effort to narrow the scope of this Interrogatory, but, as written, the Interrogatory is too broad for Freedom Forever to prepare a reasonable response.**

6. Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 5.

**ANSWER**: ***See* Response to Interrogatory No. 5.**

7. Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

<u>**ANSWER**</u>: ***See*** **Response to Interrogatory No. 5.**

8. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and how you contend consent was obtained.

<u>**ANSWER**</u>: **Freedom Forever states that because Freedom Forever did not call Plaintiff, Freedom Forever makes no contentions regarding consent by Plaintiff to Freedom Forever.**

9. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

<u>**ANSWER**</u>: **Freedom Forever states that it is unaware that Plaintiff did, in fact, receive "the calls alleged in the complaint" and, therefore, Freedom Forever has no knowledge or information responsive to this Interrogatory.**

10. If you contend that a third party provided you with the Plaintiff's phone number, identify that third party and state all facts in support of the same.

<u>**ANSWER**</u>: **Freedom Forever states that, because it did not make the calls to Plaintiff that are alleged in the Complaint, it does not contend that a "third party provided [Freedom Forever] with Plaintiff's phone number."**

11. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

<u>**ANSWER**</u>: **Subject to and without waiving its objections, Freedom Forever states that, subject to Federal Rule of Civil Procedure 33(d), it**

**will produce documents that are responsive to this Interrogatory.**

12. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER: Freedom Forever states that it has no knowledge or information of the "make, model, structure and location [of] the system(s), platform(s), and/or equipment used by [Freedom Forever], or any vendor, used [sic] to contact the Plaintiff" concerning the calls alleged in the Complaint.**

13. State all facts in support of any affirmative defenses you have raised.

**ANSWER: Freedom Forever states that it has not, as of the date of these Responses, filed an answer to the operative Complaint and, therefore, has not asserted "affirmative defenses." Freedom Forever reserves the right to supplement the response to this Interrogatory.**

14. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER: Freedom Forever objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and is not likely to lead to the discovery of admissible evidence. The identity of persons, if any, who allegedly have been "disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls" is not relevant to any allegation in this case and, therefore, is not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Freedom Forever states: None, and further states that no information is being withheld**

**based on its objections.**

## RESPONSES AND SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

   **RESPONSE: Subject to and without waiving its objections, Freedom Forever will produce non-privileged documents, if any, responsive to this Request. No documents are being withheld on the basis of the objections.**

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

   **RESPONSE: Freedom Forever states that it has not, as of the date of these Responses, filed an answer to the operative Complaint and, therefore, has not asserted "affirmative defenses." Freedom Forever reserves the right to supplement the response to this Request.**

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

   **RESPONSE: Freedom Forever will produce non-privileged documents, if any, responsive to this Request.**

4. Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of

outbound calls.

**RESPONSE**: **Freedom Forever objects to this Request on the basis that it is vague and ambiguous. Subject to and without waiving its objections, Freedom Forever states that it has no documents responsive to this Request. No documents are being withheld on the basis of the objections.**

5. Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE**: **Freedom Forever objects to this Request on the basis that it is vague and ambiguous in its use of the undefined term "complaints," which is subject to multiple interpretations. Freedom Forever further objects to this Request on the basis that it is overly broad, unduly burdensome, and is unlikely to lead to the discovery of admissible evidence. A "complaint" – whatever that vague term is intended to mean – "concerning outbound calls" is not relevant to this case because "outbound calls" do not, in and of themselves, constitute TCPA violations. Freedom Forever will not search for or produce documents regarding "**
**outbound calls . . . allowing or making allegedly unlawful or unauthorized outbound calls" that do not pertain to the allegations in the Complaint.**

6. All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE**: **Freedom Forever states that it has no documents responsive to this Request.**

7. All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**<u>RESPONSE</u>: Freedom Forever states that it has no documents responsive to this Request.**

8. All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**<u>RESPONSE</u>: Freedom Forever states that, because Freedom Forever has no knowledge of the calls made to Plaintiff that are alleged in the Complaint, Freedom Forever has no documents responsive to this Request.**

9. All communications with any third party that dialed the calls to the Plaintiff.

**<u>RESPONSE</u>: Freedom Forever states that, because Freedom Forever has no knowledge of the calls made to Plaintiff that are alleged in the Complaint, Freedom Forever has no documents responsive to this Request.**

10. All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**<u>RESPONSE</u>: Freedom Forever states that, because Freedom Forever has no knowledge of the calls made to Plaintiff that are alleged in the Complaint, Freedom Forever has no documents responsive to this Request.**

11. All communications with any third party that provided you the Plaintiff's telephone number.

**<u>RESPONSE</u>: Freedom Forever states that it has no documents responsive to this Request.**

12. All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**<u>RESPONSE</u>: Freedom Forever states that it has no documents responsive to this Request.**

13. All contracts or documents representing agreements with Boundless, Inc.

**<u>RESPONSE</u>: Subject to and without waiving its objections, Freedom Forever will produce non-privileged documents, if any, responsive to this Request upon the entry of an appropriate protective order. No documents are being withheld on the basis of the objections.**

14. All communications with Boundless, Inc.

**<u>RESPONSE</u> Freedom Forever objects to this Request on the basis that it is overly broad, unduly burdensome, and is unlikely to lead to the discovery of admissible evidence. Specifically, Freedom Forever objects to a request to produce "[a]ll" communications with Boundless, Inc., as nearly all such communications would have nothing to do with the allegations in this case and, therefore, would not lead to the discovery of admissible evidence. Subject to and without waiving its objections, Freedom Forever states that it will search for and produce non-privileged documents, if any, that constitute "communications with Boundless, Inc." that concern the named Plaintiff in this case.**

15. All internal communications at your company regarding Boundless, Inc.

**<u>RESPONSE</u>: Freedom Forever objects to this Request on the basis that it is overly broad, unduly burdensome, and is unlikely to lead to the discovery of admissible evidence. Specifically, Freedom Forever objects to a request to produce "[a]ll" internal communications regarding Boundless, Inc., as nearly all such communications would have nothing to do with the allegations in this case and, therefore, would not lead to the discovery of admissible evidence. Subject to and without waiving its objections, Freedom Forever states that it will search for and produce non-privileged documents, if any, that constitute "internal communications regarding Boundless, Inc." that concern the named Plaintiff in this case**.

16. All contracts or documents representing agreements with Bright Solar Marketing LLC.

**<u>RESPONSE</u>: Freedom Forever states that it has no documents responsive to this Request.**

17. All communications with Bright Solar Marketing LLC.

**<u>RESPONSE</u>: Freedom Forever states that it has no documents responsive to this Request.**

18. All internal communications at your company regarding Bright Solar Marketing LLC.

**<u>RESPONSE</u>: Freedom Forever states that it has no documents responsive to this Request.**

19. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable

policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**<u>RESPONSE</u>: Freedom Forever states that it has no documents responsive to this Request.**

20. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**<u>RESPONSE</u>: Subject to and without waiving its objections, Freedom Forever will produce non-privileged documents, if any, responsive to this Request upon the entry of an appropriate protective order. No documents are being withheld on the basis of the objections.**

21. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following: a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200; b) obtaining or verifying prior express consent; c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

**<u>RESPONSE</u>: Subject to and without waiving its objections, Freedom Forever will produce non-privileged documents, if any, responsive to this Request.**

22. Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors: a) the date and time; b) the caller ID; c) any recorded message used; d) the result; e) identifying information for the recipient; and f) any other information stored by the call detail records.

**<u>RESPONSE</u>: Freedom Forever states that it has no documents responsive to this Request.**

23. All communications with any third party concerning this litigation other than your attorney.

**<u>RESPONSE</u>: Freedom Forever will produce non-privileged documents, if any, responsive to this Request.**

DATED: September 2, 2025.

*<u>/s/ Barry Goheen</u>*
PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

*Attorneys for Defendant,*
*FREEDOM FOREVER, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, I electronically served the foregoing to counsel of record for Plaintiff:

## SERVICE LIST

Dana J. Oliver, Esq.
Oliver Law Center, Inc.
8780 19th St., #559
Rancho Cucamonga, CA 91701
dana@danaoliverlaw.com

Perrong Law LLC
Andrew K. Perrong
Pro Hac Vice
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
a@perronglaw.com