PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

Attorneys for Defendant,
Freedom Forever, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMES E. SHELTON, individually and on behalf of of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM FOREVER, LLC,<br><br>Defendant. | ) | **CASE NO. 2:25-cv-01970-ODW-ADS**<br><br>**REPLY IN SUPPORT OF MOTION FOR WITHDRAWAL OF COUNSEL OF DEFENDANT FREEDOM FOREVER, LLC**<br><br>November 23, 2026<br>1:30 PM<br>Courtroom 5D |

Attorneys Barry Goheen and Brandon Willenberg of Pierson Ferdinand LLP ("Defense Counsel") respectfully submit this reply brief in support of their motion to withdraw from representation of Defendant, Freedom Forever, LLC ("Freedom Forever"). While Defense Counsel appreciates Plaintiff's statement that he "does not ask the Court to keep Defense Counsel in this case indefinitely") (ECF 52 at 1), (1) Defense Counsel has not been paid for the better part of a year; (2) Freedom Forever has completely refused to communicate with Defense Counsel or otherwise provide any guidance to Defense Counsel in this case; and (3) Plaintiff cannot be prejudiced by the withdrawal because, as courts have held, the conversion of the bankruptcy to a Chapter 7 proceeding renders Freedom Forever a defunct entity that will not be able to satisfy any judgment that might be rendered in this case. Accordingly, the Court should grant Defense Counsel's motion to withdraw.

## ARGUMENT

Plaintiff does not reasonably dispute that the "four factors in determining whether to grant or deny a motion for withdrawal," which are "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case," *Strategic Asset Grp., LLC v. Shabanets*, 2019 WL 13171157, *1 (C.D. Cal. Feb. 8, 2019) (quotations omitted), are met here. Plaintiff's arguments otherwise should not suffice to prevent Defense Counsel's withdrawal.

### I. PLAINTIFF DOES NOT MEANINGFULLY DISPUTE THAT COMPELLING REASONS EXIST TO PERMIT WITHDRAWAL.

First, it is undisputed that Freedom Forever has defaulted on its obligations to pay Defense Counsel for its representation of the company in this case and that it has no funds available to continue outside counsel representation in this case.

Likewise, it is undisputed that Freedom Forever has ceased providing direction or resources for the defense of this case. (ECF 48-1 (Goheen Decl.), ¶¶ 10-13.) Such a "lack of cooperation ha[s] made it unreasonably difficult for [Defense Counsel] to carry out its representation effectively." *Strategic Asset*, 2019 WL 13171157, *2.

Moreover, as Defense Counsel noted in the motion, Defense Counsel has sent multiple emails and other communications to the person believed to still serve as in-house counsel for Freedom Forever, and Defense Counsel last received a response from in-house counsel on July 20. 2026. (ECF 48-1 (Goheen Decl.), ¶¶ 10-13; *id.*, Ex. 2.) That lack of communication has continued, as Defense Counsel sent the company, by email, the filed copy of Plaintiff's response to the motion, noting that "the Shelton plaintiff is opposing the motion to withdraw. Apparently the bankruptcy has converted to a Chapter 7 and the company is being liquidated. This is news to [Defense Counsel] but please update me on what's going on ASAP. Thanks." (Supplemental Declaration of Barry Goheen ("Supp. Goheen Decl.," Exhibit A hereto), ¶ 3(a); *id.*, Ex. 1.) The recipient of the email neither acknowledged receipt of the email nor responded to Defense Counsel's request for an update. (*Id.*, ¶ 3(b).)

It remains the case that Defense Counsel last received a communication from Freedom Forever's in-house counsel on July 20, 2026 – nearly four months ago. (*Id.*, ¶ 3(c).) Such a "breakdown in communication between counsel and the represented party constitutes good cause to withdraw as counsel." *Fred Hall Shows, Inc. v. Hall*, 2024 WL 3915150, *1 (C.D. Cal. July 22, 2024) (quoting *Fabricant v. Fast Advance Funding, LLC*, 2018 WL 6927809, **2-3 (C.D. Cal. June 26, 2018)); *accord Alexander v. Premier Warranty Group LLC*, 2026 WL 2350752, *2 (C.D. Cal. July 20, 2026) (citing cases); *Stearns v. Stewart Title Guar. Co.*, 2026 WL

1426248, *2 (C.D. Cal. Mar. 4, 2026) (same). The first factor is satisfied.[1]

## II. PLAINTIFF DOES NOT DISPUTE THAT THE THIRD AND FOURTH FACTORS ARE SATISFIED.

Nor does Plaintiff contest that the third and fourth factors are satisfied. Indeed, "[w]ithdrawal causes no disruption to the administration of justice where there are no pending motions or other imminent responsibilities." *Alexander*, 2026 WL 2350752, *2. As in *Alexander*, "[t]he only pending motion is the Motion to Withdraw. As such, withdrawal is unlikely to cause any undue delay or harm to the administration of justice." *Id.*; *see also Stearns*, 2026 WL 1426248, *2.

Likewise, Plaintiff does not dispute the many cases that have granted withdrawal notwithstanding the automatic stay. *See Hartford Cas. Ins. Co. v. CW Construction & Dev., LLC*, 2020 WL 7014218, **1-2 (E.D. Tenn. Apr. 1, 2020); *Portscher v. Ohio Ind., Inc.*, 2007 WL 869596, *4 (W.D.N.Y. Mar. 20, 2007); *Banyan Licensing, Inc. v. Orthsupport Intern., Inc.*, 2002 WL 31059365, *4 (N.D. Ohio Aug. 15, 2002); *Stotler and Co. v. Sonnenschein*, 1989 WL 6376, *1 (N.D. Ill. Jan. 20, 1989). The third and fourth withdrawal factors are satisfied.

---

[1] Plaintiff makes much of the conversion of the bankruptcy from Chapter 11 to Chapter 7. If anything, that strengthens the case for withdrawal. Defense Counsel has no involvement in the bankruptcy, has not entered an appearance, and has had no contact with the Trustee on any issues related to the bankruptcy. (*See* Supp. Goheen Decl., ¶ 4.) And the failure of Freedom Forever to engage with, or inform, Defense Counsel on even the most basic issues of the company's bankruptcy – such as its conversion to a Chapter 7 proceeding – simply underscores the fact that Freedom Forever has severed all communications with Defense Counsel and left Defense Counsel with no guidance whatsoever regarding the conduct of this litigation, thereby fortifying the case for withdrawal.

## III. PLAINTIFF'S "PREJUDICE" ARGUMENTS ARE FACTUALLY AND LEGALLY INCORRECT.

The only one of the four factors Plaintiff meaningfully addresses is prejudice, and his argument is limited to supposed "preservation of evidence" and the conversion of the bankruptcy proceeding from Chapter 11 to Chapter 7. But his arguments are both legally and factually incorrect.

### A. Plaintiff's Discovery-Related Arguments Are Factually Incorrect.

First, Plaintiff seems to think that Defense Counsel somehow has the keys to Plaintiff's case because Defense Counsel supposedly has call records in what Plaintiff terms "the client file." (ECF 52 at 7.) That is incorrect for two reasons: (1) there are no call records at all because, as the discovery responses made clear, Freedom Forever did not make the alleged calls to Plaintiff,[2] and (2) if there are such "records," they have not been provided to Defense Counsel. (*See* Supp. Goheen Decl., ¶ 6 ("Defense Counsel does not have in its possession any records reflecting phone calls made to Plaintiff that are the subject of the operative complaint.").) In other words, there is no evidence whatsoever – certainly none that Plaintiff has provided – that Freedom Forever has records of phone calls when it informed Plaintiff the exact opposite was true 14 months ago in September 2025.

Second, if Plaintiff is complaining about an alleged deficiency in Freedom Forever's discovery responses but now believes he is stymied from obtaining further information because of the automatic stay, then he has no one to blame but himself.

---

[2] *See, e.g.*, ECF 52-3 at 8, Resp. to Int. #8 ("Freedom Forever did not call Plaintiff"); *id.*, Resp. to Int. #9 ("Freedom Forever states that it is unaware that Plaintiff did, in fact, receive 'the calls alleged in the complaint'"); *id.*, Resp. to Int. #10 ("Freedom Forever states that . . . it did not make the calls to Plaintiff that are alleged in the Complaint"); *id.* at 10, Resp. to RFPDs 8, 9, 10 ("Freedom Forever has no knowledge of the calls made to Plaintiff that are alleged in the Complaint").

As Plaintiff's response establishes, he served his discovery requests on Freedom Forever on July 31, 2025. (ECF 52-2 at 16.) Freedom Forever did not seek an extension and timely served its responses to those requests on September 2, 2025. (ECF 52-3 at 15.) Freedom Forever filed its bankruptcy petition on April 15, 2026. Therefore, Plaintiff had approximately ***seven-and-a-half*** months – all of September, October, November, December, January, February, and March, and half of April – to file a motion to compel if he thought Freedom Forever's responses somehow were deficient. But he did not do so. Plaintiff should not be able to claim "prejudice" to prevent Defense Counsel's withdrawal based on a supposed "lack of evidence" when he failed to avail himself of any discovery-related remedies before the automatic stay was put into place. Regardless, the automatic stay precludes any consideration of the unfiled motion to compel embedded in Plaintiff's response.

**B. Plaintiff's Arguments for Prejudice Carry Little to No Weight in a Chapter 7 Bankruptcy Proceeding.**

Further, the conversion of the bankruptcy proceeding to one under Chapter 7 essentially eliminates any "prejudice" argument Plaintiff can make. The decision granting withdrawal in *Thacker v. AT&T Corp.*, 2020 WL 6261626 (E.D. Cal. Oct. 23, 2020), is squarely on point. There, one of the defendants filed a Chapter 11 bankruptcy petition; as here, the defendant's "bankruptcy case was converted from Chapter 11 to Chapter 7." *Id.*, *2. The court granted counsel's motion to withdraw, noting that "[i]n bankruptcy proceedings under Chapter 7—as opposed to Chapter 11—no discharge of debts may be granted to a debtor that is not an individual." *Id.*, *4 (citing 11 U.S.C. § 727(a)(1); *N.L.R.B. v. Better Bldg. Supply Corp.*, 837 F.2d 377, 378 (9th Cir. 1988)). As a result, "[t]he filing of a chapter 7 bankruptcy petition creates a defunct corporation." *Id.* (quotations and brackets omitted).

The *Thacker* court added:

> Because defendant . . . is a corporation undergoing Chapter 7 bankruptcy, it is now effectively a defunct entity. That is, the corporation ceases to operate or own any assets, though it might technically continue to exist by virtue of its certificate of incorporation from the state. With that in mind, the undersigned concludes that plaintiff will suffer no more prejudice in prosecuting his case against [defendant] without counsel than he would if [defendant] remained represented. In neither circumstance will [defendant] be able to satisfy any judgment that might be rendered against it in this action.

*Id.*, *3 (internal quotations and citation omitted). Applying the withdrawal factors, the court concluded:

> Typically, there is a high risk of prejudice to corporate defendants whose counsel seek to withdraw, leaving the corporation unrepresented, because a "corporation may appear in federal court only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). An unrepresented corporation is thus subject to the entry of default and default judgment. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007). But that risk of prejudice does not exist here because, even if plaintiff were to eventually obtain default judgment against [defendant], [defendant] will be no worse off given that, due to its Chapter 7 liquidation, it will have no remaining assets with which to satisfy such default judgment. Thus, granting . . . leave to withdraw will not harm the administration of justice. Fourth and finally, granting withdrawal will not cause any greater delay to this case in which [defendant] already has not participated in the last 8 months, due to its bankruptcy proceedings.

*Id.*; *see also Krivolavek v. BeavEx Inc.*, 2021 WL 5855259, *4 (E.D. Cal. Nov. 16, 2021) (granting withdrawal to counsel where client's Chapter 11 petition was converted to Chapter 7: "Because Defendant is a corporation undergoing Chapter 7 bankruptcy, it is now effectively a defunct entity, meaning that the corporation ceases to operate or own any assets, though it might technically continue to exist by virtue of its certificate of incorporation. . . .Accordingly, the Court finds that Plaintiffs will suffer no more prejudice in prosecuting their case against Defendant without counsel than if Defendant remained represented, as Defendant will not be able to satisfy any judgment that might be rendered against it in this action in either circumstance.") (internal quotations omitted).[3]

In short, the Chapter 7 proceeding means that Freedom Forever is a defunct company that has no assets to satisfy any judgment. Plaintiff cannot incur any prejudice if withdrawal is granted.

## CONCLUSION

Freedom Forever respectfully requests that the Court grant this Motion and permit Defense Counsel to withdraw as Freedom Forever's counsel.

DATED: November 9, 2026.

/s/ *Brandon Willenberg*
PIERSON FERDINAND LLP
Brandon T. Willenberg (SBN 215918)
brandon.willenberg@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com

[3] Also weighing against a finding of prejudice is the fact that Plaintiff did not move to lift the automatic stay, which could have addressed the concerns he purports to raise now. *See Krivolavek*, 2021 WL 5855259, *4 (granting withdrawal and holding lack of prejudice where "Plaintiffs did not seek relief from the automatic stay from the Bankruptcy Court, *see* 11 U.S.C. § 362(d)(1), to continue prosecuting the instant action but instead submitted individual proofs of claim").

12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (760) 518-8155

*Attorneys for Defendant, FREEDOM FOREVER, LLC*

**L.R. 11-6.2 Certificate of Compliance**

The undersigned certifies that this memorandum of points and authorities complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. The undersigned counsel of record for Defendant certifies that this brief contains 2,090 words, which complies with the word limit of L.R. 11-6.

Dated: November 9, 2026.

By: *Brandon Willenberg*
Brandon Willenberg

**ARTIFICIAL INTELLIGENCE COMPLIANCE STATEMENT**

In accordance with Rule VII(A) of this Court's procedures, I certify that the motion to withdraw (ECF 48) __XXX____ does not use _____ uses generative artificial intelligence. If generative artificial intelligence was used, following drafting, I reviewed, revised, and supplemented all portions of the brief, including those that were informed by the use of Artificial Intelligence or based on prior templates. I independently verified the factual and legal accuracy of the content and confirmed that all arguments and authorities were appropriate to the issues presented.

Dated: November 9, 2026.

By: *Brandon Willenberg*
Brandon Willenberg

## CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am a resident of the State of Georgia, over the age of eighteen years, and not a party to the within action. My business address is Pierson Ferdinand LLP, 12100 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On November 9, 2026, I served the document:

**REPLY IN SUPPORT OF DEFENDANT FREEDOM FOREVER, LLC'S MOTION TO WITHDRAW**

X CM/ECF SYSTEM. I caused a true and correct copy to be electronically filed with the Clerk of the Court for the Central District of California using the CM/ECF system and served on counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 9, 2026, at San Diego, California.

_/s/ *Brandon Willenberg*
Brandon Willenberg

## SERVICE LIST

Dana J. Oliver, Esq.
Oliver Law Center, Inc.
8780 19th St., #559
Rancho Cucamonga, CA 91701
dana@danaoliverlaw.com

Perrong Law LLC
Andrew K. Perrong
Pro Hac Vice
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Email: a@perronglaw.com