UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01970-ODW (KSx) | Date | November 12, 2026 |
| Title | *James E. Shelton v. Freedom Forever, LLC* | | |

| | | |
|---|---|---|
| Present: The Honorable | Otis D. Wright II, United States District Judge | |
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings (In Chambers):**

In August 2024, Plaintiff James E. Shelton initiated this action against Defendant Freedom Forever, LLC, alleging that he received unwanted text messages and phone calls from a subsidiary of Freedom Forever. (Compl., Dkt. No. 1.) In April 2026, Freedom Forever filed Chapter 11 bankruptcy, triggering an automatic stay of these proceedings pursuant to 11 U.S.C. § 362(a)(1). (Mins. Stay, Dkt. No. 46.)

Now, Freedom Forever's counsel, Pierson Ferdinand LLP, ("Counsel") seeks to withdraw as counsel of record for Freedom Forever. (Mot. Withdraw ("Motion" or "Mot."), Dkt. No. 48.) Counsel seeks to withdraw from representation on the grounds that Freedom Forever has filed bankruptcy and thus has no funds with which to compensate Counsel, and also that in-house counsel at Freedom Forever has stopped responding to Counsel's emails. Shelton opposes in part, based on the bankruptcy stay and Counsel's failure to provide notice to the bankruptcy trustee of its intent to move to withdraw. (Opp'n, Dkt. No. 52.) After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The hearing on November 23, 2026, at 1:30 p.m. is **VACATED**.

The decision to grant or deny a motion to withdraw as counsel for a party is within the court's discretion. *See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. 2:09-cv-3200-PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009). Pursuant to the local rules of this district, "[a]n attorney may not withdraw as counsel except by leave of court." C.D. Cal. L.R. 83-2.3.2. As business entities cannot appear pro se in federal court, C.D. Cal.

L.R. 83-2.2.2, "[a]n attorney requesting leave to withdraw from representation of an organization of any kind . . . must give written notice to the organization of the consequences of its inability to appear pro se," C.D. Cal. L.R. 83-2.3.4; *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action . . . [and] must be supported by good cause." C.D. Cal. L.R. 83-2.3.2.

Pursuant to 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial . . . proceeding against the debtor." "[J]udicial proceedings in violation of the automatic stay are void." *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000) (en banc) (quoting *In re Shamblin*, 890 F.2d 123, 125 (9th Cir. 1989)).

Regardless of Counsel's proffered reasons for seeking withdrawal, granting the Motion subjects Freedom Forever to default because it cannot appear in federal court without legal representation. This implicates Freedom Forever's property interests in violation of the automatic stay. Additionally, though Counsel acknowledges that a Trustee has been appointed in the bankruptcy proceeding, Counsel did not serve notice of this motion on the Trustee and has not obtained authorization from the bankruptcy court to lift the stay or seek any relief in this action. Counsel claims the conversion of Freedom Forever's Chapter 11 to a Chapter 7 liquidation is "news to [them]", (Suppl. Decl. Barry Gosheen ¶ 3, Dkt. No. 53-1), but Counsel jointly submitted a status report to this Court in September relaying that very information, (Status Report ¶ 2, Dkt. No. 47). Whether Counsel is simply forgetful or does not read the filings it signs, the Court has reason to doubt Counsel's representations and diligence in this matter.

Accordingly, Counsel's Motion is **DENIED**, without prejudice to moving to withdraw after substitute counsel appears in this action, or after the bankruptcy court authorizes Counsel to file such a motion in this action. (Dkt. No. 48.) The bankruptcy stay remains in place, as does the parties' obligation to submit timely status reports apprising this Court of the status of the bankruptcy proceedings.

**IT IS SO ORDERED.**

___________ : ___00___

Initials of Preparer ___SE___